**FURGANG & ADWAR, L.L.P.**
Philip Furgang (PF-5654)
Stephanie Furgang Adwar (SA-1711)
Brian Scanlon (BS-5947)
Rockefeller Center
1230 Avenue of the Americas – 7th Floor
New York, New York 10020
212-725-1818

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

VICTORIA'S SECRET STORES
BRAND MANAGEMENT, INC.,

          Plaintiff,

    v.

SEXY HAIR CONCEPTS, LLC,

          Defendant.

Civil Action No. 07-CIV-5804 (GEL)

---

## ANSWER

    Sexy Hair Concepts, LLC as the appellee in this action responds to the civil action filed by way of appeal from a decision of the Trademark Trial and Appeal Board as follows:

    1.    Denied to the extent that the allegations of Victoria's Secret Stores Brand Management, Inc. ("VS") are incomplete and so not accurate. This is an appeal from a final decision of the Trademark Trial and Appeal Board that sustained the opposition by Sexy Hair Concepts LLC ("Sexy Hair") to the VS application for registration of SO SEXY for hair care products, namely, hair conditioner, hair dyes, hair glitter, hair highlighter, hair mascara, hair pomade, hair rinses, hair removing creams, hair shampoo, hair spray, hair straightener, hair styling gel and hair styling mousse.

    2.    Admitted.

3. Denied to the extent the nature of Sexy Hair's business entity is mis-described. Sexy Hair is a California limited liability company having an address of 9232 Eton Avenue, Chatsworth CA 91311.

4. Admitted.

5. Sexy Hair denies that it "resides" in New York. Sexy Hair admits that it is subject to the jurisdiction of this Court by virtue of the fact that it has sufficient contacts with New York to support jurisdiction.

6. Sexy Hair admits that venue is proper in this District because Sexy Hair has sufficient contacts with New York to support venue.

7. Admitted that such application was filed on the basis of "intent to use" under Section 1(b) of the Lanham Act..

8. Denied that the "USPTO" examined the SO SEXY application. The application was examined by an Examining Trademark Attorney on an *ex parte* basis and approved for publication for purposes of opposition by any party who believed it would be damaged by the registration of the mark of said application. Admitted that the mark of the application was published for opposition on July 2, 2002.

9. Denied to the extent that the allegations of VS are incomplete and so not accurate in characterizing the grounds for the opposition. Admitted that Sexy Hair opposed registration of the SO SEXY mark and the USPTO instituted Opposition No. 91125739 and that, in the course of such proceeding, Sexy Hair relied on the following in asserting likelihood of confusion: Applicant's mark, when applied to applicant's goods, so resembles Opposer's previously used and registered mark SEXY HAIR for "hair care products for men, women and

children, namely hair shampoos, hair conditioners, hair lotions, hair crèmes, hair gels, hair sprays, hair color, hair dyes, hair rinses, hair mousse."

10. Denied to the extent VS asserts it filed its answer denying the salient allegations and affirmative defenses. Admitted that VS timely filed its answer in the opposition proceeding and asserted certain affirmative defenses which either were not pursued by VS or which were found to be without merit by the Trademark Trial and Appeal Board.

11. Denied to the extent VS omits that the Board's decision followed not only discovery but testimony periods through which extensive evidence was made of record by both parties prior to the oral hearing. Admitted that based on a full record the Board on April 20, 2007, sustained the opposition and denied registration to the mark of the SO SEXY application and that decision of the Board is Exhibit A to VS' appeal by way of civil action complaint.

12. Sexy Hair is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 12 and so denies the same and leaves VS to its proof; except that Sexy Hair denies that store design, or product packaging, or marketing of the VS or activities outside the U.S. are material to this appeal, since none of these is a part of the application which is the subject of this appeal.

13. Sexy Hair is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 13 and so denies the same and leaves VS to its proof; except that Sexy Hair denies that other marks for other goods and other slogans for other services are material to this appeal, since none of these are a part of the application which is the subject of this appeal.

14. Sexy Hair is without knowledge or information sufficient to form a belief as to the truth or falsity of VS' claims with respect to its motivation or desire, and so denies the

same and leaves VS to its proof. The allegations of the second sentence of paragraph 14 are denied.

15. Denied to the extent that it is asserted that VS "adopted" a trademark application. Denied to the extent the subject of the application is not correctly stated. Sexy Hair admits that VS filed an application to register SO SEXY as a mark for specific goods as identified in said application. Except to the extent admitted and denied, Sexy Hair is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 15 and so denies the same and leaves VS to its proof.

16. Sexy Hair is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 16 and so denies the same and leaves VS to its proof; except that Sexy Hair denies that intent to use applications are in any way material to this proceeding and further denies that registrations of different marks for such goods as candles and drawer liners are in any way material to this proceeding and further notes that International Class 3 includes, *inter alia*, such goods as bleach for laundry use and other household cleaning preparations, which are wholly unrelated to the hair care preparations at issue in the proceeding to which this appeal relates.

17. Sexy Hair admits that it has filed the oppositions as noted in Paragraph 17 and denies that such suspended oppositions to applications filed on the basis of intent to use are material to any issue in this proceeding.

18. Sexy Hair incorporates by reference its responses to the allegations made by VS in the preceding seventeen numbered paragraphs.

19. Admitted.

20. Denied that the Board erred in its proper classification of the suggestive mark SEXY.

21. Denied that the Board erred in its proper determination that Sexy Hair has established a SEXY family of marks.

22. Denied that the Board erred in its identification of the characteristics of Sexy Hair's SEXY family of marks.

23. Denied that the Board erred in finding that consumers were likely to be confused by VS' adoption of a mark which follows in essence the pattern of Sexy Hair's SEXY family of marks.

24. Denied that the Board erred in holding that VS' SO SEXY mark(sic - note that VS refers in Paragraph 24 to "Victoria's Secret's SEXY HAIR Mark") is likely to be perceived as part of or related to Sexy Hair's SEXY family of marks.

25. Admitted.

26. Admitted that VS has appealed the decision of the Board to this Court pursuant to 15 USC 1071(b); denied that VS is entitled to the order it seeks.

Wherefore, Sexy Hair Concepts, LLC prays that the decision of the Board be affirmed and this appeal by way of civil action be dismissed with prejudice, and that Sexy Hair Concepts LLC have such other and further relief as the Court may deem proper.

Respectfully submitted,

FURGANG & ADWAR, L.L.P.

By: /Philip Furgang/
Philip Furgang (PF-5654)
1230 Avenue of the Americas
7th Floor
New York, NY 10020
Phone: (212) 725-1818
Facsimile: (212) 941-9711

Attorneys for Defendant, Sexy Hair Concepts, LLC

Of Counsel
Roberta Jacobs-Meadway
Patricia G. Cramer
Troy Larson
Ballard Spahr Andrews & Ingersoll, LLP
1735 Market St., 51st Floor
Philadelphia, PA 19103-7599
(215) 864-8201
(215) 864-9950 (fax)