UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| VICTORIA'S SECRET STORES BRAND MANAGEMENT, INC., | : | No. 07-cv-5804 (GEL) |
| Plaintiff, | : | |
| v. | : | |
| SEXY HAIR CONCEPTS, LLC, | : | |
| Defendant. | : | |

**MOTION IN LIMINE OF DEFENDANT SEXY HAIR CONCEPTS, LLC, TO PRECLUDE TESTIMONY OF EDWARD FINEGAN, Ph.D., PURSUANT TO FED. R. EVID. 402 AND 403**

Defendant Sexy Hair Concepts, LLC ("SHC"), through its attorneys Eckert Seamans Cherin & Mellott, LLC, moves this Court to preclude the testimony of Edward Finegan, Ph.D. In support thereof, SHC avers as follows:

1. This is an appeal from the decision of the Trademark Trial and Appeal Board ("TTAB") sustaining the opposition of SHC to the application of Victoria's Secret Stores Brand Management, Inc. ("Victoria's Secret") to register the mark, SO SEXY, for use in connection with various hair care products.

2. SHC produces and distributes its own brand of hair care products.

3. In connection with its business, SHC is the owner of the mark, SEXY HAIR, (Registration No. 2403396) which it has used for hair care products since at least June 15, 1998, and has so used the mark in commerce since at least December 21, 1998.

4. The SEXY HAIR mark has been in continuous use for more than five consecutive years subsequent to the date of its registration (November 14, 2000) and the registration of the

mark and the right of SHC to use the mark has become incontestable pursuant to the Trademark Act of 1946, 15 U.S.C. § 1065. The registration is conclusive evidence of SHC's exclusive right to use SEXY HAIR in connection with its hair care products. The registration is also conclusive evidence that the mark is not descriptive of the goods identified in the certificate of registration, namely: "Hair care products for men, women and children, namely hair shampoos, hair conditioners, hair lotions, hair cremes, hair gels, hair sprays, hair color, hair dyes, hair rinses, hair mousse." 15 U.S.C. § 1115(b).

5. SHC is also the owner of five additional registrations which are also used in connection with its hair care products, as follows:

- Registration No. 2472793 for the mark FORMULAS BY ECOLY BIG SEXY HAIR;
- Registration No. 2486702 for the mark illustrating the SEXY HAIR design;
- Registration No. 2553996 for the mark HOT SEXY HIGHLIGHTS;
- Registration No. 2707751 for the mark WILD SEXY HAIR; and
- Registration No. 2757856 for the mark illustrating the SEXY HAIR CONCEPTS star design.

6. Moreover, SHC owns a family of SEXY marks for hair care products and has used the marks and trade names SEXY HAIR CONCEPTS and SEXY HAIR since prior to November 19, 2001, in connection with hair care products. Included in the SEXY family of marks are: BIG SEXY HAIR, STRAIGHT SEXY HAIR, SHORT SEXY HAIR, HEALTHY SEXY HAIR, HOT SEXY HAIR, WILD SEXY HAIR, and HOT SEXY HIGHLIGHTS.

7. The TTAB found that Victoria's Secret's mark, SO SEXY, was sufficiently similar to SHC's SEXY family of marks for identical and related hair care products that there existed a likelihood of confusion under Section 2(d) of the Trademark Act, 15 U.S.C. § 1052(d).

8. Victoria's Secret has identified Dr. Finegan, a linguist, as a witness it may call at trial. A copy of Dr. Finegan's report is attached as Exhibit "A."

9. Throughout his report, Dr. Finegan challenges SHC's SEXY HAIR mark on the basis that the word "sexy" as applied to hair is a descriptive term; however, nowhere throughout his report does he state what "sexy" is descriptive of or what "sexy" describes.

10. However, because SEXY HAIR is the subject of an incontestable trademark registration, the mark as a matter of law cannot be challenged on the ground that it is descriptive. *Park N' Fly, Inc. v. Dollar Park and Fly, Inc.*, 469 U.S. 189 (1985).

11. Therefore, because he employs the improper standard in evaluating SHC's mark in assessing likelihood of confusion under Section 2(d), Dr. Finegan's testimony is irrelevant and immaterial and should be precluded pursuant to Fed. R. Evid. 402.

12. Moreover, his opinion regarding the alleged descriptive nature of the term "sexy" is inherently confused. The term "sexy" is suggestive; when used with the word "hair," it is suggestive of an amorphous, yet desirable, quality of hair or hair care products – and is not specific to any one quality or characteristic or feature of hair. Therefore, as applied to hair, sexy is not descriptive, as Dr. Finegan opines.

13. Dr. Finegan's comparison of the grammatical structure of the two marks is also prejudicial and confusing. Contrary to Dr. Finegan's opinion, SO SEXY is not grammatically different than SHC's SEXY family of marks. Both marks are used as adjective phrases (compare SO SEXY with SEXY HAIR, BIG SEXY [HAIR], STRAIGHT SEXY [HAIR], SHORT SEXY [HAIR], etc.). Even if this Court finds any merit to Dr. Finegan's trivial distinction, there is no reason to believe that any ordinary consumer of hair care products would be at all sensitive to

such a nit-picking distinction. Because his proffered testimony is so misleading, it should be precluded pursuant to Fed. R. Civ. P. 403.

14.  Lastly, Dr. Finegan's proffered testimony is prejudicial and confusing because the addition of the generic term "HAIR" to some of the SEXY HAIR marks does not distinguish Victoria's Secret SO SEXY mark from SHC's SEXY family of marks. *See, e.g., Amazon.com, Inc. v. Von Eric Lerner Kalaydjian*, 2006 TTAB LEXIS 443, at *9 (Sept. 22, 2006) (the addition of generic word COSMETICS does not distinguish AMAZON from COSMETICSAMAZON); *In re Sidie*, 2006 TTAB LEXIS 41, at *13 (Jan. 18, 2006) (the addition of the generic word AIRWAYS does not distinguish KRYSTAL from CRYSTAL AIRWAYS); *In re Avon Products, Inc.*, 2003 TTAB LEXIS 244, at *5 (May 19, 2003) (the addition of the generic word POWDER does not distinguish POWER from POWER POWDER).

15.  This point is underscored particularly when Victoria's Secret appends the generic term "hair" after its trademark use of SO SEXY.

16.  Any probative value that Dr. Finegan's testimony might have would be outweighed by the unfair prejudice to SHC, by the near certain confusion which it would cause, and by the unnecessary lengthening of the trial process which would occur should introduction of his testimony be permitted. *See* Fed. R. Evid. 403.

WHEREFORE, defendant Sexy Hair Concepts respectfully requests that this Court grant the Motion in Limine and preclude Dr. Finegan's report and his testimony at the time of trial

Date: 5/2/08

Respectfully submitted,

*/s/ Roberta Jacobs-Meadway*

Roberta Jacobs-Meadway (RJ-M 5870)
Eckert Seamans Cherin & Mellott, LLC
Two Liberty Center
50 South 16th Street, 22nd Floor
Philadelphia, PA 19102
(215) 851-8400
rjacobsmeadway@eckertseamans.com

Co-Counsel for Sexy Hair Concepts, LLC
Our File: 297797-00081

Cc: Philip Furgang, Esq.
FURGANG & ADWAR, LLP
1325 Avenue of the Americas
28th Floor
New York, NY 10019
Phone: (212) 725-1818

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| VICTORIA'S SECRET STORES BRAND MANAGEMENT, INC., | : | No. 07-cv-5804 (GEL) |
| Plaintiff, | : | |
| v. | : | |
| SEXY HAIR CONCEPTS, LLC, | : | |
| Defendant. | : | |

**MEMORANDUM OF LAW IN SUPPORT OF MOTION IN LIMINE OF DEFENDANT SEXY HAIR CONCEPTS, LLC, TO PRECLUDE TESTIMONY OF EDWARD FINEGAN, Ph.D., PURSUANT TO FED. R. EVID. 402 AND 403**

Defendant Sexy Hair Concepts, LLC ("SHC") submits the following Memorandum of Law in support of its Motion in Limine to preclude the testimony of Edward Finegan, Ph.D.

**I.   STATEMENT OF THE CASE**

This matter arises from SHC's opposition to the application of Victoria's Secret Stores Brand Management, Inc. ("Victoria's Secret") to register the mark, SO SEXY, for use in connection with various hair care products. The Trademark Trial and Appeal Board ("TTAB") sustained SHC's opposition, finding that Victoria's Secret's mark, SO SEXY, was sufficiently similar to SHC's SEXY family of marks for identical and related hair care products that there existed a likelihood of confusion under Section 2(d) of the Trademark Act of 1946, 15 U.S.C. § 1052(d). This appeal followed. Victoria's Secret now seeks to introduce the testimony of its expert, Edward Finegan, Ph.D., a linguist. SHC has filed the instant Motion in Limine to preclude Dr. Finegan's testimony on the ground that his testimony is irrelevant under Fed. R. Evid. 402. Alternatively, should this Court find that Dr. Finegan's testimony is relevant and

admissible under Rule 402 (which SHC disputes), the Court should preclude his testimony under Rule 403 on the grounds of prejudice and confusion, as set forth more fully below.

## II. STATEMENT OF FACTS

SHC produces and distributes its own brand of hair care products. In connection with its business, SHC is the owner of the mark, SEXY HAIR, (Registration No. 2403396) which it has used for hair care products since at least June 15, 1998, and has so used the mark in commerce since at least December 21, 1998.

SHC is also the owner of the following registrations which are also used in connection with its hair care products:

- Registration No. 2472793 for the mark FORMULAS BY ECOLY BIG SEXY HAIR;

- Registration No. 2486702 for the mark illustrating the SEXY HAIR design;

- Registration No. 2553996 for the mark HOT SEXY HIGHLIGHTS;

- Registration No. 2707751 for the mark WILD SEXY HAIR; and

- Registration No. 2757856 for the mark illustrating the SEXY HAIR CONCEPTS star design.

Moreover, SHC owns a family of SEXY marks for hair care products and has used the mark and trade name SEXY HAIR CONCEPTS since prior to November 19, 2001, in connection with hair care, skin care and cosmetic products. Included in the SEXY family of marks are: BIG SEXY HAIR, STRAIGHT SEXY HAIR, SHORT SEXY HAIR, HEALTHY SEXY HAIR, HOT SEXY HAIR, WILD SEXY HAIR, and HOT SEXY HIGHLIGHTS. The SEXY HAIR mark has been in continuous use for more than five consecutive years subsequent to the date of its registration. The registration of the mark and the right of SHC to use the mark has become incontestable pursuant to 15 U.S.C. § 1065, and the registration is conclusive evidence of SHC's

exclusive right to use SEXY HAIR in connection with its hair care products. The registration is also conclusive evidence that the mark is not descriptive of the goods identified in the certificate of registration, namely: "Hair care products for men, women and children, namely hair shampoos, hair conditioners, hair lotions, hair cremes, hair gels, hair sprays, hair color, hair dyes, hair rinses, hair mousse." 15 U.S.C. § 1115(b).

### III.   ARGUMENT

#### A.   Motion in Limine Standard.

"The purpose of an in limine motion is to aid the trial process by enabling the Court to rule in advance of trial on the relevance of certain forecasted evidence, as to issues that are definitely set for trial, without lengthy argument at, or interruption of, the trial." *Palmieri v. Defaria*, 88 F.3d 136, 141 (2d Cir. 1996) (citation and internal quotation marks omitted). "A motion in limine to preclude evidence calls on the court to make a preliminary determination on the admissibility of the evidence under Rule 104 of the Federal Rules of Evidence." *Commerce Funding Corp. v. Comprehensive Habilitation Servs., Inc.*, 2004 U.S. Dist. LEXIS 17791, 2004 WL 1970144, at *4 (S.D.N.Y. Sept. 3, 2004) (citing Fed. R. Evid. 104(a)). A district court's in limine ruling "is subject to change when the case unfolds, particularly if the actual testimony differs from what was contained in the . . . proffer." *Luce v. United States*, 469 U.S. 38, 41, 83 L. Ed. 2d 443, 105 S. Ct. 460 (1984).

The instant Motion asks the Court to determine the admissibility of Dr. Finegan's proffered testimony under the Federal Rules of Evidence.

#### B.   Dr. Finegan's Testimony is Irrelevant.

Victoria's Secret has identified Dr. Finegan, a linguist, as an expert witness it may call at trial. The first two pages of his six-page report are devoted to an historical background of the

word "sexy" which has no probative value whatsoever. Dr. Finegan then purports to challenge SHC's SEXY HAIR mark on the basis that the word "sexy" as applied to hair is a descriptive term. For example:

> "In my opinion, *sexy* used figuratively is descriptive or suggestive of various features or characteristics of hair and hairstyles." (Report, Exh. "A" at 3) (emphasis in the original)

> "As applied to hair, *sexy* is, in my opinion, a descriptive term, albeit one whose meaning is relatively general in the way that *appealing, interesting,* and *attractive* are generally descriptive." (Report, Exh. "A" at 4) (emphasis in the original)

As a starting point, "descriptive" and "suggestive" are terms that have legal significance; to say that a word is "descriptive" *or* "suggestive" in the same breath underscores Dr. Finegan's apparent lack of appreciation for the legal significance, rendering his opinion meaningless in this context. Suggestive marks are protected as inherently distinctive. *Two Pesos v. Taco Cabana*, 505 U.S. 763, 768 (1992). Marks which are merely descriptive of a product are not inherently distinctive. When used to describe a product, they do not inherently identify a particular source, and hence cannot be protected. *Id.* at 769.

Notwithstanding Dr. Finegan's apparent misuse of terminology, he never states what "sexy" describes. He never provides any denotation that is meaningful in connection with hair care products, which are the goods in issue. Thus, if Dr. Finegan is correct in his opinion that sexy's meaning is "relatively general," then the word "sexy" describes nothing with particularity and is not descriptive as a matter of law and as a matter of logic. His entire report is, therefore, premised on the wrong standard. *See In re Dial-A-Mattress Operating Corp.*, 240 F.2d 1341, 1346 (Fed. Cir. 2001) (citing *In re Application of Quik-Print Copy Shops, Inc.*, 616 F.2d 523, 525 (CCPA 1980)) ("A trademark is descriptive if it immediately conveys knowledge of the ingredients, qualities or characteristics of the product.")

Dr. Finegan further ignores the principle that "a mark is considered merely descriptive if it describes an *ingredient, quality, characteristic, function, feature, purpose or use* of the specified goods or services." *See* TMEP 1209.01(b) (Merely Descriptive Marks) (emphasis added). As set forth above, Dr. Finegan does not identify in any way what quality, characteristic or feature of hair care product the word sexy "describes," except in a general "appealing" sense, which is nowhere near the degree of particularity required as a matter of law for a finding of descriptiveness. Such generality does not establish descriptiveness as a legal matter. *Compare In re Joseph Gyulay*, 820 F.2d 1216 (Fed. Cir. 1987) (finding the mark APPLE PIE to be descriptive of the scent of potpourri) and *In re Colonial Stores, Inc.*, 394 F.2d 549, 553 (CCPA 1968) ("Sugar & Spice is not merely descriptive, because it has "reminiscent, suggestive, or associative connotation."). The term "sexy" is suggestive; when used with the word "hair," it is suggestive of an amorphous, yet desirable, quality of hair or hair care products – and is not specific to any one quality, characteristic or feature of hair.

In the end, wrong standard and all, his testimony is simply irrelevant and inadmissible in the context of this appeal.[1] As set forth above, SHC's registration and right to use the SEXY HAIR mark became incontestable in 2005 and its registration is conclusive evidence of its exclusive right to use the SEXY HAIR mark. 15 U.S.C. §§ 1065, 1115(b). Because SEXY HAIR is the subject of an incontestable trademark registration, it cannot be challenged on the ground that it is descriptive. *Park N' Fly*, 469 U.S. at 205 (holder of registered mark may rely on its incontestable status to enjoin infringement and infringement action may not be defended on grounds that an incontestable mark is merely descriptive); *Paco Sport Ltd. v. Paco Rabanne*

---

[1] In fact, Victoria's Secret did not timely filed a counterclaim in this matter to cancel SHC's SEXY HAIR registration on the ground that the mark is descriptive. Any claim that SHC's mark is descriptive could have been raised at the inception of litigation. The fact that Victoria's Secret chose not to bring a counterclaim to cancel SHC's SEXY HAIR registration on the ground that the mark is descriptive underscores the irrelevance of Dr. Finegan's opinion.

*Perfumes*, 2000 U.S. App. LEXIS 29570, No. 00-7344, at *5 (2d Cir. Nov. 16, 2000) (same). Therefore, because SEXY HAIR is conclusively presumed to be valid and entitled to protection, any purported evidence of the alleged descriptive nature of SHC's mark is wholly immaterial. Whether the mark is descriptive is immaterial not only as a matter of law but as a matter of logic with respect to the sole inquiry before this Court, which is whether the TTAB correctly determined that there is a likelihood of confusion and whether any new *material* facts require reconsideration of the TTAB's determination.

Assuming *arguendo* that SEXY HAIR is descriptive and not inherently distinctive, Dr. Finegan's report ignores the fact that a mark can acquire distinctiveness as used on or in connection with an applicant's goods in commerce. 15 U.S.C. §1052(f). Five years of substantially exclusive and continuous use of the mark in connection with the applicant's goods in commerce gives rise to a presumption of acquired distinctiveness. *Id.* Here, "SEXY HAIR" has acquired strength because of its use in commerce for almost ten (10) years and through its sales under the SEXY HAIR marks between 2001 and 2003 in excess of $67 million. *See* SHC's Motion for Summary Judgment filed concurrently herewith. Thus, Dr. Finegan's opinion on the alleged descriptive nature of "sexy" is again, wholly immaterial to this matter.

In short, likelihood of confusion – and not the validity of SHC's mark – is material to the outcome of this matter. *See Arlio v. Lively*, 474 F.3d 46, 52 (2d Cir. 2007) (evidence irrelevant if it does not tend to prove material fact). Dr. Finegan's testimony therefore should be precluded pursuant to Fed. R. Evid. 402.

C.   **Dr. Finegan's Testimony is Prejudicial and Confusing.**

Alternatively, Dr. Finegan's testimony should be precluded on the basis that his report is prejudicial and undoubtedly confusing. As a threshold matter, and as explained in detail in

Section B, *supra*, Dr. Finegan continues to apply the wrong standard to his analysis throughout his report. His characterization of "sexy" as descriptive is prejudicial and confusing. Dr. Finegan opines that the word "sexy" is descriptive *or* suggestive while opining that the two marks are not confusingly similar. (Report, Exh. "A" at 3-4) However, he has no qualifications to offer such an opinion, not having conducted any survey on the matter and not knowing anything about the audience or purchasers of the products sold under the marks. The similarity of the marks (which is the only matter on which he is arguably qualified to opine) is only *one* of a number of factors used to determine confusing similarity. *See In re E.I. DuPont de Nemours & Co.*, 476 F.2d 1357 (CCPA 1973) (identifying multiple factors bearing on registrability (i.e. likelihood of confusion issue), including similarity of the marks).

Moreover, as set forth above, validity is not at issue in this appeal. Therefore, Dr. Finegan's analysis on the alleged descriptive nature of the mark only serves to remove the focus from the true issues in this case.

Nor does Dr. Finegan's opinion on the similarity of the marks add any probative value to the determination of likelihood of confusion. Throughout his report, Dr. Finegan compares the marks in a vacuum. He does not analyze the marks in the context of the perception of a relevant purchaser, nor is he qualified to do so. Indeed, he is a linguist who does not purport to know anything about hair care products or marks for hair care. *See* Curriculum Vitae, App. "A" to Exh. "A", at 8-13. In fact, in his draft report, he offers his opinion "as an expert in the English language" (*see* VS – Finegan 0073, Exh. "B") which he conveniently omits in his final report. In light of his apparent lack of relevant qualifications, the most he can offer is an opinion on the similarity of the marks divorced from context, which, in and of itself, is not dispositive of the

determination of likelihood of confusion. *See In re E.I. du Pont de Nemours & Co.*, 476 F.2d at 1357.

And, if Dr. Finegan's expert report is reduced to an opinion on the similarity of the marks, such testimony has been deemed to be not helpful in assisting the fact finder on the likelihood of confusion issue, where, like here, the fact finder can just as easily make a comparison between the parties' marks. *See, e.g., Malletier v. Dooney & Bourke, Inc.*, 2007 U.S. Dist. LEXIS 91934, at *6 (S.D.N.Y. Dec. 13, 2007) (upholding recommendation to exclude expert opinion, finding that jury could observe for themselves whether Dooney & Bourke's mark is confusingly similar to Louis Vuitton's Multicolore Monogram mark) (citing *Price v. Fox Entm't Group, Inc.*, 499 F. Supp. 2d 382, 389 (S.D.N.Y. 2007); *Trouble v. Wet Seal, Inc.*, 179 F. Supp. 2d 291, 302-03 (S.D.N.Y. 2001) (excluding witness proffered for purpose of proving likelihood of confusion where average trier of fact can perform comparison of "Arden B" and "Agnes b" marks); *Patsy's Italian Restaurant, Inc. et al. v. Anthony Banas d/b/a Patsy's*, 2008 U.S. Dist. LEXIS 5531, at *4 (E.D.N.Y. Jan. 25, 2008) (excluding expert opinion where jury can just as easily make comparison of parties' marks). Dr. Finegan's opinion on the similarity of the SO SEXY and SEXY HAIR marks will not be helpful since that comparison can be made by the trier of fact without the assistance of expert testimony.

Moreover, Dr. Finegan's comparison of the grammatical structure of the two marks is also prejudicial and confusing. Contrary to Dr. Finegan's opinion, SO SEXY is not grammatically different than SHC's SEXY family of marks. Both marks are used as adjective phrases (compare SO SEXY with SEXY HAIR, BIG SEXY [HAIR], STRAIGHT SEXY [HAIR], SHORT SEXY [HAIR], etc.).[2] Dr. Finegan completely mischaracterizes SHC's marks

---

[2] Significantly, Victoria's Secret's advertisements illustrate the use of the adjective phrase "SO SEXY HAIR CARE" and "SO SEXY FOR HAIR" in connection with its hair care products and uses SEXY HAIR as part of its

13

as noun phrases (*see* Report, Exh. "A," at 4). Moreover, he only opines as to the similarity of *some* of SHC's marks, such as WILD SEXY HAIR and STRAIGHT SEXY HAIR and completely disregards the fact that SHC uses as marks SEXY HAIR and SEXY. His characterization of SHC's marks is disingenuous and misleading at best.

Even if the Court finds merit to Dr. Finegan's distinction, there is simply no reason to believe that any ordinary consumer of hair care products would be at all sensitive to such a nit-picking distinction. In *Tailor Tee, Inc. v. Stedman Manufacturing Co.*, 286 F.2d 612 (C.C.P.A. 1961), the court noted that where the word "tailor" in "Tailor-Tee" was used as a noun and the word "tailored" in "Tailored T" was used as an adjective, both marks were "so similar in sound, spelling, appearance, and meaning" that the court was "compelled to treat the marks as being without significant differences." In *In re Allina Health System*, 2002 TTAB LEXIS 216 (2002), the TTAB found the marks AMERICAN HEART INSTITUTES and MID AMERICA HEART INSTITUTE substantially similar so that confusion was likely. "The differences between a plural and singular ending for the word 'institute' and the presence of [sic] absence of the letter 'n' in the word 'America' would escape most people's attention, and they do not significantly affect the commercial impression, appearance or sound of the marks." Here, even Dr. Finegan recognizes that most speakers would not be consciously aware that such a grammatical difference between Victoria's Secret's SO SEXY and SHC's SEXY family of marks even exists. (Report, Exh. "A," at 6) Such acknowledgement underscores the confusion of the issues and prejudice to SHC that will arise should Dr. Finegan be permitted to testify.

---

identifier of its product, not as a descriptive phrase in text in its materials. That Victoria's Secret also uses "SO SEXY" in text in a manner adverse to any trademark claim does not impact on its claim to the exclusive right to use SO SEXY by itself or a trademark for hair care preparations. *See* Victoria's Secret's advertising of its "SO SEXY" and "SO SEXY STYLERS" at VS 0373, 0377, 0387, and 0395, attached as Exhibit "C" which shows the same grammatical structure as SEXY HAIR.

14

Lastly, Dr. Finegan's proffered testimony is prejudicial and confusing because the addition of the generic term "HAIR" does not distinguish Victoria's Secret SO SEXY mark from SHC's SEXY family of marks. *See, e.g., Amazon.com, Inc. v. Von Eric Lerner Kalaydjian*, 2006 TTAB LEXIS 443, at *9 (Sept. 22, 2006) (the addition of generic word COSMETICS does not distinguish AMAZON from COSMETICSAMAZON); *In re Sidie*, 2006 TTAB LEXIS 41, at *13 (Jan. 18, 2006) (the addition of the generic word AIRWAYS does not distinguish KRYSTAL from CRYSTAL AIRWAYS); *In re Avon Products, Inc.*, 2003 TTAB LEXIS 244, at *5 (May 19, 2003) (the addition of the generic word POWDER does not distinguish POWER from POWER POWDER). There is simply no basis to distinguish SO SEXY from SEXY HAIR and the SEXY family of marks.

In summary, any probative value that Dr. Finegan's testimony might have would be outweighed by the unfair prejudice to SHC, by the confusion which it would cause, and by the unnecessary lengthening of the trial process which would occur should introduction of Dr. Finegan's testimony be permitted. *See* Fed. R. Evid. 403. Accordingly, this Court should preclude Dr. Finegan from testifying at the trial in this matter.

WHEREFORE, Defendant Sexy Hair Concepts, LLC, respectfully requests that this Court enter the proposed Order and preclude Dr. Finegan's report and his testimony at trial.

                                           Respectfully submitted,

                                           ECKERT SEAMANS CHERIN & MELLOTT, LLC

Date: 5/2/08

                                           Roberta Jacobs-Meadway (RJ-M 5870)
                                           Eckert Seamans Cherin & Mellott, LLC
                                           Two Liberty Center
                                           50 South 16th Street, 22nd Floor
                                           Philadelphia, PA 19102
                                           (215) 851-8400
                                           rjacobsmeadway@eckertseamans.com

                                           Co-Counsel for Sexy Hair Concepts, LLC
                                           Our File: 297797-00081

Cc:    Philip Furgang, Esq.
        FURGANG & ADWAR, LLP
        1325 Avenue of the Americas
        28th Floor
        New York, NY 10019
        Phone: (212) 725-1818

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| VICTORIA'S SECRET STORES BRAND MANAGEMENT, INC., | : | No. 07-cv-5804 (GEL) |
| Plaintiff, | : | |
| v. | : | |
| SEXY HAIR CONCEPTS, LLC, | : | |
| Defendant. | : | |

## **O R D E R**

AND NOW, this _____ day of _____, 2008, upon consideration of the Motion in Limine of Defendant Sexy Hair Concepts, LLC, to Preclude the Testimony of Edward Finegan, Ph.D., Pursuant to Fed. R. Evid. 402 and 403, and any response thereto, it is hereby ORDERED that Defendant's Motion is GRANTED. It is further ORDERED that Plaintiff Victoria's Secret Stores Brand Management, Inc. is precluded from relying on Dr. Finegan's expert report or introducing Dr. Finegan's testimony at trial.

BY THE COURT:

_____
GERARD E. LYNCH,
United States District Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

Victoria's Secret Brand Management, Inc. :
:
        Plaintiff/Appellant, :
:
: Case No.: 07-cv-5804 (GEL)
:
v. :
:
Sexy Hair Concepts, LLC :
:
        Defendant/Appellee. :
:
:

### CERTIFICATE OF SERVICE

I hereby certify that on the date shown below, copies of the documents listed below were served upon Frank J. Colucci, Esquire of COLUCCI & UMANS, 218 East 50th Street, New York, NY 10022, counsel for Plaintiff/Appellant, by Federal Express next day delivery:

- Defendant/Appellee's Motion and Memorandum for Summary Judgement
- Defendant/Appellee's Rule 56.1 Statement of Material Facts
- Motion in Limine of Defendant Sexy Hair Concepts, LLC to Preclude Testimony of Edward Finegan, Ph.D.
- Motion in Limine of Defendant Sexy Hair Concepts, LLC to Preclude Testimony of Paul LaBrecque
- Motion in Limine of Defendant Sexy Hair Concepts, LLC to Preclude Expert Report of Dr. Gerald L. Ford
- Motion in Limine of Defendant Sexy Hair Concepts, LLC to Preclude Survey and Expert Report of Dr. Michael B. Mazis
- Declaration of James Morrison in Support of Motion for Summary Judgment
- Declaration of John F. Metzger in Support of Motion for Summary Judgment

May 2, 2008
Date