UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| VICTORIA'S SECRET STORES BRAND MANAGEMENT, INC., : <br><br> Plaintiff, : <br><br> v. : <br><br> SEXY HAIR CONCEPTS, LLC, : <br><br> Defendant. : | No. 07-cv-5804 (GEL) |

**MOTION IN LIMINE OF DEFENDANT SEXY HAIR CONCEPTS, LLC, TO PRECLUDE TESTIMONY OF PAUL LABRECQUE**

Defendant Sexy Hair Concepts, LLC ("SHC"), through its attorneys Eckert Seamans Cherin & Mellott, LLC, moves this Court to preclude the testimony of Paul Labrecque. In support thereof, SHC avers as follows:

1.   This is an appeal from the decision of the Trademark Trial and Appeal Board ("TTAB") sustaining the opposition of SHC to the application of Victoria's Secret Stores Brand Management, Inc. ("Victoria's Secret") to register the mark, SO SEXY, for use in connection with various hair care products.

2.   SHC produces and distributes its own brand of hair care products.

3.   In connection with its business, SHC is the owner of the mark, SEXY HAIR, (Registration No. 2403396) which it has used for hair care products since at least June 15, 1998, and has so used the mark in commerce since at least December 21, 1998.

4.   SHC also owns a family of SEXY marks for hair care products and has used the marks and trade names SEXY HAIR CONCEPTS and SEXY HAIR since prior to November 19, 2001, in connection with hair care, skin care and cosmetic products. Included in the SEXY

family of marks are: BIG SEXY HAIR, STRAIGHT SEXY HAIR, SHORT SEXY HAIR, HEALTHY SEXY HAIR, HOT SEXY HAIR, WILD SEXY HAIR, and HOT SEXY HIGHLIGHTS.

5. The TTAB found that Victoria's Secret's mark, SO SEXY, was sufficiently similar to SHC's SEXY family of marks for identical and related hair care products that there existed a likelihood of confusion under Section 2(d) of the Trademark Act, 15 U.S.C. § 1052(d).

6. Victoria's Secret has identified Paul Labrecque, a hair stylist and salon owner, as an expert witness it may call at trial. A copy of Mr. Labrecque's report is attached as Exhibit "A."

7. Mr. Labrecque purports to provide an expert opinion on the use of the word "sexy" in the field of hair care.

8. As a threshold matter, Mr. Labrecque is not qualified to testify as an expert in this matter. The simple fact that he is a hair stylist and salon owner who uses or sells hair care products in his line of business does not make him an expert of trademarks in the hair care industry. At most, he is qualified only to render an opinion rationally based on his own perception – making him a lay witness under Rule 701, not an expert.

9. Notwithstanding his lack of qualifications, Mr. Labrecque's opinions fail to meet the standard of admissibility for expert testimony established by the Supreme Court in *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993) and *Kumho Tire Co. v. Carmichael*, 526 U.S. 137 (1999) because they are not based upon reliable data or methodology.

10. Rather, Mr. Labrecque's proffered testimony is based upon his own personal opinion as a hair stylist and salon owner.

11. Moreover, his proffered testimony is directed to lay matters that are within the understanding of the trier of fact; therefore, his testimony will not assist the trier of fact in understanding the evidence or determining the facts relating to the likelihood of confusion with respect to Victoria's Secret's SO SEXY mark and SHC's SEXY family of marks. *See Andrews v. Metro N. Commuter R.R. Co.*, 882 F.2d 705, 708 (2d Cir. 1989) (for expert testimony to be admissible under the Federal Rules of Evidence, it must not be directed to lay matters which a jury is capable of understanding and deciding without the expert's help).

12. Lastly, Mr. Labrecque's proffered testimony should be excluded pursuant to Fed. R. Evid. 403, where the testimony's probative value is outweighed by the risk of undue prejudice, confusion of the issues, or misleading the fact finder. *See Kuhmo Tire*, 526 U.S. at 137.

WHEREFORE, defendant Sexy Hair Concepts respectfully requests that this Court grant the Motion in Limine and preclude Mr. Labrecque's testimony at the time of trial.

Respectfully submitted,

ECKERT SEAMANS CHERIN & MELLOTT, LLC

Date: May 2, 2008

/s/ Roberta Jacobs-Meadway
Roberta Jacobs-Meadway (RJ-M 5870)
Eckert Seamans Cherin & Mellott, LLC
Two Liberty Center
50 South 16th Street, 22nd Floor
Philadelphia, PA 19102
(215) 851-8400
rjacobsmeadway@eckertseamans.com
Co-Counsel for Sexy Hair Concepts, LLC
Our File: 297797-00081

Cc: Philip Furgang, Esq.
FURGANG & ADWAR, LLP
1325 Avenue of the Americas
28th Floor
New York, NY 10019
Phone: (212) 725-1818

{M0638898.1}                                    3

Case 1:07-cv-05804-GEL    Document 14    Filed 05/02/2008    Page 4 of 20

{M0638898.1}

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| VICTORIA'S SECRET STORES BRAND MANAGEMENT, INC., | : | No. 07-cv-5804 (GEL) |
| Plaintiff, | : | |
| v. | : | |
| SEXY HAIR CONCEPTS, LLC, | : | |
| Defendant. | : | |

**MEMORANDUM OF LAW IN SUPPORT OF MOTION IN LIMINE OF DEFENDANT SEXY HAIR CONCEPTS, LLC, TO PRECLUDE TESTIMONY OF PAUL LABRECQUE**

Defendant Sexy Hair Concepts, LLC ("SHC") submits the following Memorandum of Law in support of its Motion in Limine to preclude the testimony of Paul Labrecque.

**I.   STATEMENT OF THE CASE**

This matter arises from SHC's opposition to the application of Victoria's Secret Stores Brand Management, Inc. ("Victoria's Secret") to register the mark, SO SEXY, for use in connection with various hair care products. The Trademark Trial and Appeal Board ("TTAB") sustained SHC's opposition, finding that Victoria's Secret's mark, SO SEXY, was sufficiently similar to SHC's SEXY family of marks for identical and related hair care products that there existed a likelihood of confusion under Section 2(d) of the Trademark Act of 1946, 15 U.S.C. § 1052(d). This appeal followed. Victoria's Secret now seeks to introduce the testimony of its proposed expert, Paul Labrecque, a hair stylist and salon owner. SHC has filed the instant Motion in Limine to preclude Mr. Labrecque's testimony on the grounds that he is not qualified to render an expert opinion; that his opinions fail to meet the standard of admissibility for expert testimony established by the Supreme Court in *Daubert v. Merrell Dow Pharmaceuticals, Inc.*,

509 U.S. 579 (1993) and *Kumho Tire Co. v. Carmichael*, 526 U.S. 137 (1999) because they are not based upon reliable data or methodology; and that Mr. Labrecque's proffered testimony will not assist the trier of fact in understanding the evidence or determining the facts relating to the likelihood of confusion with respect to Victoria's Secret's SO SEXY mark and SHC's SEXY family of marks. *See Andrews v. Metro N. Commuter R.R. Co.*, 882 F.2d at 708. Moreover, Mr. Labrecque's testimony should be excluded pursuant to Fed. R. Evid. 403, where the testimony's probative value is outweighed by the risk of undue prejudice, confusion of the issues, or misleading the jury. *See Kuhmo Tire*, 526 U.S. at 137. For these reasons and for the reasons which follow, this Court should preclude Mr. Labrecque's testimony.

## II.    STATEMENT OF FACTS

SHC produces and distributes its own brand of hair care products. In connection with its business, SHC is the owner of the mark, SEXY HAIR, (Registration No. 2403396) which it has used for hair care products since at least June 15, 1998, and has so used the mark in commerce since at least December 21, 1998. SHC also owns a family of SEXY marks for hair care products and has used the mark and trade name SEXY HAIR CONCEPTS since prior to November 19, 2001, in connection with hair care, skin care and cosmetic products. Included in the SEXY family of marks are: BIG SEXY HAIR, STRAIGHT SEXY HAIR, SHORT SEXY HAIR, HEALTHY SEXY HAIR, HOT SEXY HAIR, WILD SEXY HAIR, and HOT SEXY HIGHLIGHTS.

Mr. Labrecque is a hair stylist and salon owner from New York City. According to his expert report, he has his own line of hair care products and also offers other brands of hair care products at his salons. Mr. Labrecque purports to offer his expert opinion on the use of the word "sexy" in the field of hair care.

### III. ARGUMENT

#### A. Motion in Limine Standard.

"The purpose of an in limine motion is to aid the trial process by enabling the Court to rule in advance of trial on the relevance of certain forecasted evidence, as to issues that are definitely set for trial, without lengthy argument at, or interruption of, the trial." *Palmieri v. Defaria*, 88 F.3d 136, 141 (2d Cir. 1996) (citation and internal quotation marks omitted). "A motion in limine to preclude evidence calls on the court to make a preliminary determination on the admissibility of the evidence under Rule 104 of the Federal Rules of Evidence." *Commerce Funding Corp. v. Comprehensive Habilitation Servs., Inc.*, 2004 U.S. Dist. LEXIS 17791, 2004 WL 1970144, at *4 (S.D.N.Y. Sept. 3, 2004) (citing Fed. R. Evid. 104(a)). A district court's in limine ruling "is subject to change when the case unfolds, particularly if the actual testimony differs from what was contained in the . . . proffer." *Luce v. United States*, 469 U.S. 38, 41, 83 L. Ed. 2d 443, 105 S. Ct. 460 (1984).

The instant Motion asks the Court to determine the admissibility of Mr. Labrecque's proffered testimony under the Federal Rules of Evidence.

#### B. Standard for admissibility of expert opinion testimony.

The admissibility of expert testimony in federal courts is governed by Fed. R. Evid. 702 which provides as follows:

> If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training or education, may testify thereto in the form of an opinion or otherwise, if (1) the testimony is based upon sufficient facts or data, (2) the testimony is the product of reliable principles and methods, and (3) the witness has applied the principles and methods reliably to the facts of the case.

Fed. R. Evid. 702. Rule 702 governs the district court's responsibility to ensure that "any and all scientific testimony or evidence admitted is not only relevant, but reliable." *Daubert*, 509 U.S. at 589. *Kumho Tire* clarified that a district court should play a gatekeeping role in determining the admissibility of not only scientific testimony, but also testimony based on technical or experience-based expertise. *Kumho Tire*, 526 U.S. at 152. Thus, under Rule 702, a district court must consider: (1) whether the witness is "qualified as an expert" to testify as to a particular matter; (2) whether the opinion proffered by the expert is based upon reliable data and methodology; and (3) whether the expert's testimony (as to a particular matter) will "assist the trier of fact." *Nimely v. City of New York*, 414 F.3d 381, 397 (2d Cir. 2005). The party seeking to introduce expert testimony "bears the burden of establishing its admissibility." *Baker v. Urban Outfitters, Inc.*, 254 F. Supp. 2d 346, 353 (S.D.N.Y. 2003).

### C.     Mr. Labrecque is not qualified to render an expert opinion.

As a threshold matter, Mr. Labrecque is not qualified to render an expert opinion, and, therefore, his testimony is inadmissible under Rule 702. Mr. Labrecque claims that he is a salon owner and hair stylist of twenty-five years. SHC does not dispute the fact that one may be qualified as an expert based on experience. *See* Rule 702 (stating that an expert may be qualified based on "knowledge, skill, experience, training, or education"). However, the mere fact that Mr. Labrecque has twenty-five years of experience in owning and operating a salon or in having products branded for him does not qualify him as an expert in the usage of the term "sexy," in the perceptions of purchasers of professional hair care products, on the conditions of purchases of hair care products, or any other matter before this court. Mr. Labrecque's "expertise," such as it may be, is in providing salon services in the upscale neighborhoods of the Upper East and West sides of Manhattan tailored to a niche market that includes actors, athletes, royals,

professionals and New York's hippest crowd. The base price for a hair cut at Paul Labrecque's salons starts at $80; if you want a blow dry, add $60; if you want it styled, add $80. Clearly, Paul Labrecque's clientele comprises high-end urban sophisticates, which is not typical of purchasers of hair care products. *See,* Declaration of John F. Metzger, ¶ 12, Exh. "G."

This matter is about whether Victoria's Secret's SO SEXY mark is sufficiently similar to SHC's SEXY HAIR name and mark and SEXY family of marks when used with identical and related hair care products sold through all channels of trade appropriate for the goods of that type to all of the usual customers for goods of that type so as to create a likelihood of confusion as to source, sponsorship or affiliation. Mr. Labrecque's experience as a stylist and salon owner in upscale Manhattan neighborhoods has nothing whatsoever to do with the determination of likelihood of confusion which is before this Court.

Indeed, a review of Mr. Labrecque's proffered testimony reveals that *at best*, it is akin to opinion testimony as a lay witness. Opinions by lay witnesses are (a) rationally based on the perception of the witness; (b) helpful to a clear understanding of the witness' testimony or the determination of a fact in issue, and (c) not based on scientific, technical, or other specialized knowledge within the scope of Rule 702. Fed. R. Evid. 701. If this Court admits Mr. Laabrecque's proffered testimony at all, it should do so only within the confines of Rule 701.[1]

Throughout his report, Mr. Labrecque opines on the usage of the word "sexy" as he perceives the word based on *his own* experience. He states that he uses the word "sexy" in conversations with clients and that he encourages his stylists (who are unidentified) to use the word "sexy." Further, he opines that his clients (who are also unidentified) seek to acquire a sexy look and feel through his trained stylists without ever describing what that supposed look or

---

[1] Nothing in this Motion should be construed as SHC's concession as to the admissibility of Mr. Labrecque's testimony under Rule 701.

{M0638898.1}   6

fee is.[2] (Report, Exh. "A," at 3) Thus, his opinion on the usage of the word "sexy" is based on no more than his alleged first-hand perception of what his clients want and what he, and his stylists, supposedly do to achieve the desired (but undefined) result. *See United States v. Rigas*, 490 F.3d 208, 224 (2d Cir. 2007) (if opinion results from "process of reasoning familiar in everyday life" it is permissible lay opinion testimony under Rule 701). Clearly, Mr. Labrecque is constrained to rely only on his own daily observations in arriving at his conclusions which would hardly place his "process of reasoning" beyond that which is familiar in everyday life.

Nor is Mr. Labrecque's testimony dependent on a specialized knowledge of the hair care industry. His opinion is based on "years of cutting and styling hair" (Report, Exh. "A," at 3) and not on scientific, technical or specialized knowledge as contemplated by Rule 702. Personal perception of how he surmises the women he has dealt with in his own shop want to look is the foundation for Mr. Labrecque's opinion. He cannot cloak his personal perception under the guise of self-proclaimed expertise in the industry.

Even if this Court should find that Mr. Labrecque does possess some sort of specialized knowledge of the hair care industry by virtue of operating two salons in New York City, representing an infinitesimal percentage of the salons in the country, it would still not render his opinion admissible under Rule 702, and at most, his opinion is only admissible under Rule 701. "A witness's specialized knowledge, or the fact that he was chosen to carry out an investigation because of this knowledge, does not render his testimony expert as long as it was based on his investigation and reflected his investigatory findings and conclusions, and was not rooted exclusively in his expertise." *Rigas*, 490 F.3d at 224. Mr. Labrecque's opinion is rooted entirely

---

[2] Notwithstanding the fact that there is no documentation or evidence to support any of his assertions, there is no indication based on his report that his shop is a typical salon, that his employees represent a significant percentage of stylists in any relevant market; or that his clients are representative of the ordinary purchasers to whom SO SEXY and SEXY HAIR products are marketed – all of which bear on the determining likelihood of confusion. *See In re E.I. du Pont de Nemours & Co.*, 476 F.2d 1357 (C.C.P.A. 1973) (citing factors).

on his subjective perception of, and generalized assumptions about, the women who patronize his shop and what he deems as essential to his business. His "expertise" has very little, if anything at all, to do with his opinions.

In short, Mr. Labrecque is not typical or representative of anything but himself. His opinion as to what the relevant public is likely to believe when encountering the SO SEXY mark is inadmissible or entitled to little or no weight. *See generally, Curtice-Burns, Inc. v. Northwest Sanitation Prods., Inc.*, 185 U.S.P.Q. 61, 62 (TTAB 1975), *aff'd*, 530 F.2d 1396 (CCPA 1976) (testimony of four store managers dealing in petitioner's products as evidence of likelihood of confusion was "nothing more than opinion evidence on the question before [the Board] . . . expressions of opinion of witnesses, including persons considered to be experts in the field, on a question before the board is not binding . . . ); *In re The Paint Products Co.*, 8 U.S.P.Q.2d 1863, 1866 (TTAB 1988) (affidavits from ten customers who had dealt with applicant for many years held not to be persuasive on the issue of how the average customer perceives applicant's mark).

For these reasons, Mr. Labrecque's proffered testimony is more properly characterized as lay opinion testimony, not expert opinion testimony.

### D.  Mr. Labrecque's proffered testimony is not based on reliable data or methodology.

Even if this Court should find that Mr. Labrecque is qualified to render an expert opinion (which SHC disputes), the Court must further find that his opinion is based on reliable data and methodology and will assist the trier of fact. *Nimely*, 414 F.3d at 397; *see also Mannix v. Chrysler Corp.*, 2001 U.S. Dist. LEXIS 4641, No. 97-CV-1944, at *12 (E.D.N.Y. March 4, 2001) (holding that witness who otherwise may possess sufficient professional credentials to qualify as an expert yet fails to employ investigative techniques sufficient to give a reliable opinion or is unable to explain the technical basis for his opinion, may be disqualified). In

assessing reliability, the Court may consider one or more of some specific factors: whether the theory (1) can and has been tested; (2) has been subjected to peer review; (3) has (a) a high known or potential rate of error, and (b) standards controlling the technique's operation, and (4) enjoys general acceptance within a relevant scientific community. *Kuhmo Tire*, 526 U.S. at 151.

Mr. Labrecque's testimony amounts to nothing more than generalized unsupported statements of dubious honesty and fails to satisfy any of the *Kuhmo Tire* factors.[3] He states that "[s]exy embodies a look, feel and attitude" that his clients seek (never describing that look, feel or attitude, evidently because he cannot do so) and that "sexy and hair are a natural combination." He fails to put these statements into any context, which leaves the fact finder to question what it is that Mr. Labrecque is even saying. His assertion that no one in the hair care industry "should be prevented from using the word 'sexy' in the context of hair care" is not only unreliable, but completely immaterial to the issue before this Court. Whether or not the word "sexy" is used in some ordinary English language sense in the context of hair care, and not as a trademark or in a manner analogous to trademark use, has nothing whatsoever to do with the registrability of SO SEXY as a mark for hair care products.

In short, Mr. Labrecque's opinions are not based on any reliable data or methodology, but rather on his own perceptions and unspecified anecdotal experiences in working with women who patronize his shop to achieve what he characterizes as their desired "sexy" look. Mr. Labrecque's broad sweeping generalizations about how women desire to look sexy and how the word "sexy" is "widely" used in the industry amounts to a personal "*ipse dixit*," unsupported by any reliable principles or methodology. *Id.*, at 157 (a district court is not required to "admit

---

[3] He states, in broad sweeping generalizations, that "the word "sexy" is essential" to his business and hair care in general; however, an examination of paullabrecque.com reveals that he has been using the catch phrase "simple, sexy, sophisticated" on his website only since 2006 and the word "sexy" is not, and never has been, a predominant or "essential" feature to the site. *See* Metzger Declaration Exhibit E, Paul Labrecque archived web pages from www.internetarchive.com.

opinion evidence that is connected to . . . [the case] only by the *ipse dixit* of the expert") (quoting *General Electric v. Joiner*, 522 U.S. 136, 146 (1997)). Because Mr. Labrecque's proffered opinion testimony lacks the indicia of reliability required by *Daubert* and *Kuhmo*, it should be precluded.

Notwithstanding the lack of reliability which is evident throughout his report, Mr. Labrecque simply misses the mark with his discussion of how he or his stylists use the word "sexy." Indeed, this case is not about the use of "sexy" to convey some feeling; it is about how intended purchasers are likely to confuse SO SEXY and SEXY HAIR products as to source, or sponsorship, or affiliation. Moreover, to the extent he contends that SEXY is "descriptive," his opinion is immaterial. It is undisputed that the registration of the SEXY HAIR mark and the exclusive right of SHC to use the mark has become incontestable pursuant to 15 U.S.C. § 1065, and the registration is conclusive evidence that SEXY HAIR is not descriptive in connection with hair care products.[4] SEXY HAIR, therefore, cannot be challenged on the ground that it is descriptive. *Park N' Fly, Inc. v. Dollar Park and Fly, Inc.*, 469 U.S. 189 (1985).

Moreover, there is no claim that Victoria's Secret (or anyone, for that matter), could not use the word "sexy" in some appropriate non-trademark sense. In fact, SHC has never claimed a monopoly on the word "sexy." It is ironic how Mr. Labrecque can opine that the word "sexy" "cannot be exclusive to any one company or product line" (Report, Exh. A," at 4) and yet he is providing an expert opinion on behalf of a company which appears to want to do just that. The issue here does not involve Victoria's Secret's descriptive use of the word "sexy;" but rather, its attempt to register SO SEXY as a trademark and claim the exclusive right to use the term for hair

---

[4] There was no timely counterclaim filed by Victoria's Secret in this matter to cancel SHC's SEXY HAIR registration on the ground that the mark was descriptive, although Victoria's Secret could have filed such a counterclaim earlier if it in fact believed the mark to be descriptive. Incontestable status now forecloses any such contention as a matter of law.

care products on an unrestricted basis, and without any other distinguishing marks or names.[5] The issue, properly framed, is not addressed in any material way whatsoever in Mr. Labrecque's report.

Regardless of how Mr. Labrecque mischaracterizes the issue, the report adds no value in terms of its helpfulness to the trier of fact. Indeed, Mr. Labrecque's proffered testimony is directed to lay matters and will not assist the trier of fact in this matter. In *Andrews v. Metro N. Commuter R.R. Co.*, the Second Circuit granted a new trial when, among other things, the district court allowed the plaintiff's expert to testify that the railroad platform from where plaintiff allegedly sustained injury was "unsafe" in light of the plaintiff's testimony that the platform "had trash and ice on it and that the lighting was very dim." Thus, "[t]he jury needed no special training or expertise to decide" whether or not the platform was a safe place. *Andrews*, 882 F.2d at 708. Similarly, in *Trouble v. Wet Seal, Inc.*, 179 F. Supp. 2d 291, 302-03 (S.D.N.Y. 2001), this Court excluded an expert witness' report and testimony regarding the likelihood of confusion between the marks "Agnes b" and "Arden B," finding that the comparison of "products and store appearances is something the average trier of fact can perform without the assistance of a former retailing executive." *Trouble*, 179 F. Supp. 2d at 302. Here, the significance of the word "sexy" as it relates to how a woman wants to look and feel *vis a vis* her hair, whether material or not, is something that the average trier of fact can understand without the assistance of a salon owner purporting to provide expert opinion testimony. Mr. Labrecque's opinion will not assist the trier of fact to understand the evidence or to determine the facts relating to the issue that is before this Court, registrability of SO SEXY for hair care products and whether the Board correctly denied registration. The opinion should therefore be excluded

---

[5] It should be noted that Victoria's Secret opposed application is for registration of SO SEXY as a trademark with no disclaimer of the exclusive right to use "sexy."

{M0638898.1}                                                11

on relevancy grounds set forth in *Kuhmo* and *Daubert*. *See Trouble*, 179 F. Supp. 2d at 302 (noting that second gate-keeping function of the Court is to determine whether proffered testimony is relevant and will "assist the trier of fact to understand the evidence or to determine a fact in issue"); *Daubert*, 509 U.S. at 591-92 (noting that proffered testimony must not only have a reliable foundation but also be relevant in that it "fits" the fact of the case).

### E. The probative value of Mr. Labrecque's testimony is outweighed by the risk of undue prejudice to SHC.

Even if this Court should find the testimony relevant under Rule 702 (which SHC disputes), it should be excluded pursuant to Fed. R. Evid. 403, where the testimony's probative value is outweighed by the risk of undue prejudice, confusion of the issues, or misleading the fact finder. *See Kuhmo Tire*, 526 U.S. at 137 (in performing its gatekeeping function with respect to the admissibility of expert testimony under Rule 702, a court must also determine whether the expert testimony fully satisfies Rule 403). As recognized by the Second Circuit: "[E]ven if the testimony is admissible under Rule 702, it still must pass muster under Rule 403: Its probative value must be substantially outweighed by unfair prejudice." *United States v. Dukagjini*, 326 F.3d 45, 54 (2d Cir. 2003).

Mr. Labrecque's report is replete with statements that have no probative value whatsoever and will only unduly prejudice SHC in this matter. He states that Victoria's Secret's supermodels have "very sexy hair" in describing what he feels is a "well-known" example of "sexy" in reference to hair. (Report, Exh. "A," at 3-4) This statement is entirely subjective and unsupported by any reliable data or methodology. Notwithstanding its lack of reliability, the statement offers nothing to his expert opinion on the word "sexy" but only serves to equate "sexy" with "Victoria's Secret" in the mind of the fact finder. He describes nothing about the

appearance of the hair. Such misleading and confusion of the issues renders Mr. Labrecque's testimony inadmissible under Rule 403.

Nor does he define his use of the word "sexy" in relation to hair care at any point in his report. Indeed, he use the term "sexy hair" repeatedly throughout his report, yet never defines it, leaving it to the fact finder to deduce or to guess what sexy hair is supposed to mean: long hair, or short hair, or curly hair, or straight hair, or blonde hair or dark hair, or is it related to a "simple" cut, a shag cut or a sophisticated "look" which could imply almost anything to anybody, but immediately describes nothing. The vagueness and ambiguity of his opinion adds no probative value to any fact in issue in this case.

Moreover, Mr. Labrecque's self-serving testimony regarding his charitable work creating wigs for cancer patients will not assist the trier of fact in understanding the evidence as it relates to the likelihood of confusion issue. While creating wigs for cancer patients is certainly a worthy cause, Mr. Labrecque's discussion of it in his report is nothing more than a transparent attempt to remove the focus from the true issues in this case. Its probative value (if any) is clearly outweighed by the undue prejudice and confusion of the issues.

Accordingly, Mr. Labrecque's report and testimony should be precluded under Rule 403.

WHEREFORE, Defendant Sexy Hair Concepts, LLC, respectfully requests that this Court enter the proposed Order and preclude Mr. Labrecque's report and his testimony at trial.

    Respectfully submitted,

    ECKERT SEAMANS CHERIN & MELLOTT, LLC

Date: May 2, 2008

    */s/ Roberta Jacobs-Meadway*
    Roberta Jacobs-Meadway (RJ-M 5870)
    Eckert Seamans Cherin & Mellott, LLC
    Two Liberty Center
    50 South 16th Street, 22nd Floor
    Philadelphia, PA 19102
    (215) 851-8400
    rjacobsmeadway@eckertseamans.com
    Co-Counsel for Sexy Hair Concepts, LLC
    Our File: 297797-00081

Cc:    Philip Furgang, Esq.
       FURGANG & ADWAR, LLP
       1325 Avenue of the Americas
       28th Floor
       New York, NY 10019
       Phone: (212) 725-1818

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| VICTORIA'S SECRET STORES BRAND MANAGEMENT, INC., | : | No. 07-cv-5804 (GEL) |
| Plaintiff, | : | |
| v. | : | |
| SEXY HAIR CONCEPTS, LLC, | : | |
| Defendant. | : | |

## O R D E R

AND NOW, this _____ day of _____, 2008, upon consideration of the Motion in Limine of Defendant Sexy Hair Concepts, LLC, to Preclude the Testimony of Paul Labrecque and any response thereto, it is hereby ORDERED that Defendant's Motion is GRANTED. It is further ORDERED that Plaintiff Victoria's Secret Stores Brand Management, Inc. is precluded from relying on Mr. Labrecque's expert report or introducing Mr. Labrecque's testimony at trial.

BY THE COURT:

_____
GERARD E. LYNCH,
United States District Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

Victoria's Secret Brand Management, Inc. :
:
        Plaintiff/Appellant, :
:
: Case No.: 07-cv-5804 (GEL)
:
v. :
:
Sexy Hair Concepts, LLC :
:
        Defendant/Appellee. :
:
:

## CERTIFICATE OF SERVICE

I hereby certify that on the date shown below, copies of the documents listed below were served upon Frank J. Colucci, Esquire of COLUCCI & UMANS, 218 East 50th Street, New York, NY 10022, counsel for Plaintiff/Appellant, by Federal Express next day delivery:

- Defendant/Appellee's Motion and Memorandum for Summary Judgement
- Defendant/Appellee's Rule 56.1 Statement of Material Facts
- Motion in Limine of Defendant Sexy Hair Concepts, LLC to Preclude Testimony of Edward Finegan, Ph.D.
- Motion in Limine of Defendant Sexy Hair Concepts, LLC to Preclude Testimony of Paul LaBrecque
- Motion in Limine of Defendant Sexy Hair Concepts, LLC to Preclude Expert Report of Dr. Gerald L. Ford
- Motion in Limine of Defendant Sexy Hair Concepts, LLC to Preclude Survey and Expert Report of Dr. Michael B. Mazis
- Declaration of James Morrison in Support of Motion for Summary Judgment
- Declaration of John F. Metzger in Support of Motion for Summary Judgment

May 2, 2008
Date