**UNITED STATE DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

Victoria's Secret Brand Management, Inc.,
Plaintiff/Appellant,

v.

Sexy Hair Concepts, LLC,
Defendant/Appellee.

Case No. 07cv-5804(GEL)

---

## RULE 56.1 STATEMENT OF MATERIAL FACTS

A.    **Sexy Hair Has Used SEXY HAIR As A Name and Mark and SEXY as The Dominant Component of Its Names and Marks Since 1998.**

1.    Sexy Hair, through its predecessor in interest and title, Ecoly International ("EI"), has been using SEXY HAIR as a name and mark and SEXY as a mark and as the dominant component of names and marks for hair care products since 1998.[1]

2.    The SEXY brand was developed in 1998. (Stiller Test. Dep. 11, attached hereto as Exh. 1). The first product was part of the BIG SEXY HAIR product line. (VSecret NOR filed 02/10/05, Applicant's Exhibit RR, SHC 01382, attached hereto as Exh. 2).

3.    Sexy Hair extended its SEXY brand to other product lines, including: STRAIGHT SEXY HAIR; SHORT SEXY HAIR; CURLY SEXY HAIR; HEALTHY SEXY HAIR; HOT SEXY HIGHLIGHTS; WILD SEXY HAIR; and SILKY SEXY HAIR.

4.    A "family" of marks for Sexy Hair's hair care products evolved prior to the filing date of the opposed application, which opposition was sustained by the United States Patent and Trademark Office ("USPTO"), and is the subject of this appeal.

5.    The manner in which the hair care products of Sexy Hair are packaged and promoted, using the same SEXY mark, same styling for the marks, but using different colors for

---

[1] In 2002, EI transferred its assets to Sexy Hair, then newly formed. (Stiller Test. Dep. 20).

packaging to distinguish one product line from another evidence the family "look." (See Declaration of James Morrison, SHNY 00306, 00312, 00313, e.g., hereafter SHNY #####)

6.      Sexy Hair product from the different product lines or sub-brands is advertised and displayed together to emphasize the family of SEXY products (SHNY 00306, 00312, 00313).

7.      The common and dominant element of each group of marks within the family is SEXY. SEXY stands out on the packaging from the other components of each of the marks. Consistently, SEXY appears in a different color than the descriptive term such as SHORT and the generic term HAIR so that SEXY "pops out," and catching the eye, creating a distinct commercial impression. (SHNY 00353). Sexy is used with a star logo highlighted in that the Star and "SEXY" are in one color while the generic "HAIR" is in a different color on Sexy Hair's packaging and promotion. (SHNY 00306). The product representations below are illustrative:

 

 



8.    "Sexy" does not describe any feature, characteristic or quality of any hair care product and does not describe the results of use of any such product.

9.    "Sexy" is a term which does no more than suggest some desired outcome of the use of hair care products, having no particular or specific meaning.

10.    "Sexy" is a term which in relation to hair care products may evoke some subjective, personal response, but conveys no specific information.

**B.    Sexy Hair's Hair Products Have Met With Significant Commercial Success.**

11.    SEXY HAIR products have met with significant commercial success. 2001, 2002 and 2003 estimated sales were approximately $15-16 million, $23 million and $29 million, respectively (Stiller Test. Dep. 41-42). For 2004-2007 Sexy Hair sales in the U.S. were approximately  $33 million, $39 million and $51 million.  (SHNY 0002).  Sexy Hair's sales stated above represent sales to distributors.  The  retail values for sales for the same period are

substantially higher, since the distributor will mark up the price it charges to the retailer and the retailer marks up the price it charges to the purchasers. (Stiller Test. Dep. 43; SHNY 0001).

12.    SEXY HAIR products enjoy tremendous visibility in the media. Sexy Hair's products have received frequent press mentions and have been seen on such popular television shows as "The Tonight Show with Jay Leno," "Queer Eye for the Straight Guy," "The Other Half," "The View," "Sex and the City," and "Good Morning" shows (Stiller Test. Dep. 37; Federici Test. Dep. 73-77, attached hereto as Exh. 3).

13. Sexy Hair's SEXY hair product lines are and have been promoted through trade shows, advertisements and monthly promotions, educational events, sampling and salons (SHNY 00345-346; Stiller Test. Dep. 22; Stiller Test. Dep., Exhibits 5-9, attached hereto as Exh. 4; Federici Test. Dep. 64-65).

14.    Sexy Hair has spent considerable sums in promoting and marketing the SEXY HAIR brands. Marketing expenses from 2004 to 2006 went from approximately $2 million to $2.8 million (SHNY 0001, 0003).

15.    Sexy Hair's sales force works with approximately 40 distributorships domestically, each of which typically covers a state (Stiller Test. Dep. 22-23).

16.    Sexy Hair's products are featured in salon chains such as Regis and JC Penney's across the country (Federici Test. Dep. 87).

17.    The most marked evidence of the commercial success of Sexy Hair's efforts to promote its marks and name is the fact that SEXY HAIR products are among the most frequently diverted hair care products. Sexy Hair is one of the top ten diverted manufactures, according to *AC Nielson* (SHNY 00289). If a product is known and there is popular demand for

it, the product will be diverted from professional channels to retail chains such as Target and CVS.

18.    The volume of diverted product is significant, amounting to in excess of $11.8 million in 2004 alone (SHNY 00296).

**C.    Sexy Hair Has Taken Steps To Protect the SEXY Names and Marks.**

19.    Since 2000, the SEXY and SEXY HAIR names and marks have been used in the relevant trade to refer both to Sexy Hair and to its hair care products (Sexy Hair NOR filed 09/14/04, publications attached hereto as Exh. 5; Federici Test. Dep., e.g., Opposer's Exhibits 38-39, 60 (references in *Modern Salon* and *American Salon*) attached hereto as Exh. 6).

20.    Sexy Hair has secured U.S. trademark registrations for various of its SEXY marks, including Reg. No. 2,403,396 for SEXY HAIR, for hair shampoos, conditioners, lotions, creams, gels, sprays, color, dyes, rinses, and mousse; Reg. No. 2,486,702 for SEXY HAIR & Design, for hair shampoos, conditioners, lotions, conditioning creams, gels, sprays, color, tint and mousse; Reg. No. 2,757,856 for SEXY HAIR CONCEPTS & Design for hair shampoos, conditioners, lotions, crèmes, gels, sprays, color , dyes, rinses and mousse; Reg. No. 2,707,751 for WILD SEXY HAIR, for hair shampoos, conditioners, lotions, crèmes, gels, sprays, color, dyes, rinses, and mousse; and Reg. No. 2,553,996 for HOT SEXY HIGHLIGHTS, for hair shampoos, conditioners, lotions, crèmes, gels, sprays, color, dyes, rinses, and mousse (Sexy Hair NOR filed 09/14/04, registrations, attached hereto as Exh. 7).  Newer registrations are directed to the marks:  SHORT SEXY (Reg. No. 3,247,541); HEALTHY SEXY (Reg. No. 3,247,540); and STRONGSEXYHAIR (Reg. No. 3,374,913) (Declaration of John F. Metzger, ¶ 13, Exh. H).

21.    The registration for SEXY HAIR No. 2,403,396 is incontestable.

22.    Sexy Hair has diligently and successfully policed the SEXY marks in the hair care category, opposing use and registration of marks which contain the term SEXY for hair

care products, and pursuing oppositions where an agreement could not be reached (Stiller Test.

Dep. 50, 52; Stiller Dep. Exhibits 14, 15).

      23.    There is no significant third party use of SEXY as a mark or name or

component of a mark or name for any hair care products.

**D.    VSecret's SO SEXY Mark Represents Its Recent Entry Into
The Hair Care Category.**

      24.    The one application which is the subject of this proceeding is for the mark,

SO SEXY, alone. (VSecret's Responses to Sexy Hair's First Set of Requests for Admissions,

No. 1, Feb. 25, 2008, attached hereto as Exh. 8).

      25.    The application for SO SEXY was filed on the basis of intent to use on

November 19, 2001, for a long list of hair care products.

      26.    VSecret has not yet made use on all of the products identified in its

application which is the subject of this proceeding.

      27.    The one application which is the subject of this proceeding contains no

restrictions on trade channels. (VSecret's Responses to Sexy Hair's First Set of Requests for

Admissions, No. 2, Feb. 25, 2008).

      28.    The one application which is the subject of this proceeding contains no

restrictions on class of customers (VSecret's Responses to Sexy Hair's First Set of Requests for

Admissions, No. 3, Feb. 25, 2008).

      29.    At the time the application was filed, VSecret had no hair care products,

packaging or promotional materials (Sexy Hair NOR filed 10/13/04, Exhibit A to Applicant's

Resp. to Opposer's Req. for Admissions, attached hereto as Exh. 9; Sexy Hair NOR filed

09/15/04, Resp. to Interrog. No. 1, attached hereto as Exh.10).

30.     Not until April 2003, did VSecret roll out into some of its Victoria's Secret Beauty stores as a "test market" for some of the products identified in the application, namely:  shampoo, conditioner, hair spray, mousse, straightening balm, and gels (Sexy Hair NOR filed 09/15/04, Baker Discovery Dep. 47, attached hereto as Exh. 11; Van Zandt Test. Dep. 19, attached hereto as Exh. 12; Sexy Hair NOR filed 09/24/04, Exhibit A to Applicant's Resp. to Opposer's Req. for Admission No. 5, IBC 0908, attached hereto as Exh. 13).

31.     Through March 27, 2005, VSecret did no advertising outside the 90 stores for SO SEXY hair care products, other than a direct mail piece sent to some of VSecret's credit card holders (Van Zandt Test. Dep. 27).

32.     VSecret has offered no evidence that it intends or intended to use the mark on various of the products identified in the application:  hair dyes, glitter, highlighter, mascara, pomade, and rinses.  The evidence is that VSecret has no intent to use SO SEXY on such other hair care products still listed in the opposed application and never did (Van Zandt Test. Dep. 31-32).

33.     VSecret has registered BEACH SEXY for swimwear with a disclaimer of exclusive right to use the term "BEACH:, Reg. No. 2,754,451; SEXY SUPPORT for lingerie with a disclaimer of the exclusive right to use the term "SUPPORT."  (Declaration of John F. Metzger, ¶ 5, Exh. A).  That is, the dominant element of these marks is "SEXY," and VSecret claims valid trademark rights, whether or not any one else has referred to lingerie or swimsuits as "sexy".

**E.     VSecret's Mark For SO SEXY For Hair Care Products Is Confusingly Similar To Sexy Hair's SEXY Marks and Names.**

34.     The dominant element of Sexy Hair's marks and names for hair care products and the mark of VSecret's application for hair care products is SEXY.

35.    In the application VSecret filed for registration of "SO SEXY", it did not disclaim the exclusive right to use the term "SEXY" apart from the mark as a whole.

36.    VSecret refers to its hair care products as "SO SEXY hair" (Van Zandt Test. Dep. 6). VSecret's SO SEXY hair care products are referenced as the "SO SEXY hair-care collection" and promoted as the "Secret to SEXY HAIR" (Sexy Hair NOR filed 09/14/04, Exhibits 1, 2, publications).

37.    The hair care products of the parties are inexpensive, frequently purchased goods sold to and used by women and girls (SHNY 00312, 00313, 00353).

Respectfully submitted,

Date: May 2, 2008

Roberta Jacobs-Meadway (RJ-M 5870)
Eckert Seamans Cherin & Mellott, LLC
Two Liberty Center
50 South 16th Street, 22nd Floor
Philadelphia, PA 19102
(215) 851-8400
rjacobsmeadway@eckertseamans.com

Co-Counsel for Sexy Hair Concepts, LLC
Our File: 297797-00081

Cc:    Philip Furgang, Esq.
FURGANG & ADWAR, LLP
1325 Avenue of the Americas
28th Floor
New York, NY 10019
Phone: (212) 725-1818

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

Victoria's Secret Brand Management, Inc.            :
                                                   :
            Plaintiff/Appellant,                   :
                                                   :
                                                   :    Case No.:  07-cv-5804 (GEL)
                                                   :
                                                   :
        v.                                         :
                                                   :
Sexy Hair Concepts, LLC                            :
                                                   :
            Defendant/Appellee.                    :
                                                   :
                                                   :

## **CERTIFICATE OF SERVICE**

        I hereby certify that on the date shown below , copies of the documents listed

below were served upon Frank J. Colucci, Esquire of COLUCCI & UMANS, 218 East 50th

Street, New York, NY 10022, counsel for Plaintiff/Appellant, by Federal Express next day

delivery:

- Defendant/Appellee's Motion and Memorandum for Summary Judgement
- Defendant/Appellee's Rule 56.1 Statement of Material Facts
- Motion in Limine of Defendant Sexy Hair Concepts, LLC to Preclude Testimony of Edward Finegan, Ph.D.
- Motion in Limine of Defendant Sexy Hair Concepts, LLC to Preclude Testimony of Paul LaBrecque
- Motion in Limine of Defendant Sexy Hair Concepts, LLC to Preclude Expert Report of Dr. Gerald L. Ford
- Motion in Limine of Defendant Sexy Hair Concepts, LLC to Preclude Survey and Expert Report of Dr. Michael B. Mazis
- Declaration of James Morrison in Support of Motion for Summary Judgment
- Declaration of John F. Metzger in Support of Motion for Summary Judgment

_____
May 2, 2008
        Date

{M0652330.1}