# EXHIBIT 8 TO

# STATEMENT OF FACTS

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| VICTORIA'S SECRET STORES BRAND MANAGEMENT, INC., <br><br> Plaintiff, <br><br> v. <br><br> SEXY HAIR CONCEPTS, LLC, <br><br> Defendant. | Case No. 07cv-5804 (GEL) |

**PLAINTIFF'S RESPONSES TO DEFENDANT'S
FIRST SET OF REQUESTS FOR ADMISSIONS**

Pursuant to Federal Rule of Civil Procedure 36, Plaintiff, Victoria's Secret Stores Brand Management, Inc., hereby responds to Defendant's First Set of Requests for Admissions, reserving its right to amend or supplement theses responses as further discovery and investigations continue, as follows:

**GENERAL OBJECTIONS**

Plaintiff's general objections are made with respect to all Requests for Admissions to which they apply, and will not necessarily be repeated in each response. They are as follows:

1. Plaintiff objects to all Requests for Admissions, and to the definitions and instructions set forth therein, to the extent they impose duties which exceed or alter the duties imposed by the Federal Rules of Civil Procedure and the Local Rules of the United States District Court for the Southern District of New York.

2.  Plaintiff objects to all Requests for Admissions to the extent they seek information neither relevant to the subject matter of the pending civil action nor reasonably calculated to lead to the discovery of admissible evidence.

3.  Plaintiff objects to all Requests for Admissions to the extent they seek information which is protected from discovery by the attorney-client privilege or which constitutes attorney work product.

4.  Plaintiff objects to all Requests for Admissions to the extent they are overly broad, vague and unduly burdensome, harassing and/or duplicative.

5.  Plaintiff objects, subject to the Stipulated Protective Order, to all Requests for Admissions to the extent they call for information or admissions which concern confidential business records, trade secrets, business plans, and/or other confidential research and development information.

## RESPONSES

Request No. 1: Admit that the application, which is the subject of this proceeding, is for the words SO SEXY alone.

Response: Admitted.

Request No. 2: Admit that the application, which is the subject of this proceeding, contains no restrictions with respect to trade channels.

Response: Admitted.

Request No. 3: Admit that the application, which is the subject of this proceeding, contains no restrictions on classes of customers.

Response: Admitted.

Request No. 4: Admit that the mark of the application, which is the subject of this proceeding, has not been used on hair dyes, hair glitter, hair highlighter, hair mascara, hair rinses, and hair removing creams.

[handwritten: not responsive]

>   Response: Plaintiff admits the application that is the subject of this proceeding was filed as an intent-to-use application and no statement of use was able to be filed prior to the commencement of the opposition filed by defendant.

Request No. 5: Admit that the mark of the application, which is the subject of this proceeding, has not been advertised by Appellant in any of the following publications: Cosmo Girl, Parenting, Platinum, Redbook, Teen People, Seventeen, or Family Circle.

>   Response: Admitted.

Request No. 6: With respect to each of the following, admit or deny separately that there is no additional evidence other than what is previously of record before the Trademark Trial and Appeal Board of the United States Patent and Trademark Office (the "TTAB") in Opposition No. 91125739 that:

>   (a) Appellee established its ownership and the validity of the following six registrations: 2,403,396, 2,472,793, 2,486,702, 2,553,996, 2,707,751, 2,757,856.
>
>   (b) Appellee produces and distributes its own brand of hair care products.
>
>   (c) Appellee first developed the SEXY HAIR mark in 1998 and shipped its first product, a root pump, under the mark BIG SEXY HAIR in December 1998.
>
>   (d) In 1999, Appellee expanded the BIG SEXY HAIR line to include additional products, and added additional brands, STRAIGHT SEXY

HAIR and SHORT SEXY HAIR, each including approximately four to six different products.

(e) Additional brands, all featuring a number of products that Appellee subsequently been [sic] added include CURLY SEXY HAIR (2000), HEALTHY SEXY HAIR (2001), WILD SEXY HAIR (2002), SILKY SEXY HAIR (2003), and HOT SEXY HAIR (2003).

(f) At the time of the TTAB proceeding, Appellee had sixty products identified by marks that include the term SEXY.

(g) Appellee sells its hair care products through distributors to professional salons and directly to professional salon chains.

(h) Salons usually offer and sell a variety of hair care products from different manufacturers to their clients, the general consumer; and the salons use a small percentage of the hair care products they buy at wholesale in rendering hair care services to their clients.

(i) At the time of the TTAB proceeding, Appellee's shampoos sold at retail for approximately $6-$7; and its styling products sold at retail for approximately $18-19.

(j) The packaging for Appellee's products identified by marks including the term SEXY are generally uniform in appearance.

(k) Numerous articles in various publications ranging from newspapers and magazines to trade publications refer to Appellee using the terms SEXY HAIR CONCEPTS and SEXY HAIR, and refer to Appellee's line of products as the SEXY HAIR line.

(l) Except for the mark SEXY HAIR, Appellee's family of marks is characterized by the term SEXY preceded by a word that suggests an intended result of the product and followed by a generic noun in the hair care field (e.g., SEXY HAIR, BIG SEXY HAIR, STRAIGHT SEXY HAIR, SHORT SEXY, [sic] HAIR, HEALTHY SEXY HAIR, HOT SEXY HAIR, WILD SEXY HAIR, HOT SEXY HIGHLIGHTS).

<u>Response</u>:

(a) Plaintiff cannot admit or deny this Request because discovery has not yet concluded, and, therefore, plaintiff cannot know whether there is any additional evidence; however, Plaintiff admits that at the time of the TTAB decision, the TTAB found that defendant had established its ownership and the validity of U.S. Trademark Registration Nos. 2,403,396, 2,472,793, 2,486,702, 2,553,996, 2,707,751 and 2,757,856.

(b) Plaintiff cannot admit or deny this Request because discovery has not yet concluded, and, therefore, plaintiff cannot know whether there is any additional evidence; however, Plaintiff admits that at the time of the TTAB decision, the TTAB found that defendant produced and distributed its own brand of hair care products.

(c) Plaintiff cannot admit or deny this Request because discovery has not yet concluded, and, therefore, plaintiff cannot know whether there is any additional evidence; however, Plaintiff admits that at the time of the TTAB decision, the TTAB found that defendant first developed the SEXY HAIR mark in 1998 and shipped its first product, a root pump, under the mark BIG SEXY HAIR in December 1998.

(d) Plaintiff cannot admit or deny this Request because discovery has not yet concluded, and, therefore, plaintiff cannot know whether there is any additional evidence; however, Plaintiff admits that at the time of the TTAB decision, the TTAB found that in 1999, defendant expanded the BIG SEXY HAIR line to include additional products, and added additional brands, STRAIGHT SEXY HAIR and SHORT SEXY HAIR, each including approximately four to six different products.

(e) Plaintiff cannot admit or deny this Request because discovery has not yet concluded, and, therefore, plaintiff cannot know whether there is any additional evidence; however, Plaintiff admits that at the time of the TTAB decision, the TTAB found that additional brands, all featuring a

number of products that had been added, included CURLY SEXY HAIR (2000), HEALTHY SEXY HAIR (2001), WILD SEXY HAIR (2002), SILKY SEXY HAIR (2003), and HOT SEXY HAIR (2003).

(f) Plaintiff cannot admit or deny this Request because discovery has not yet concluded, and, therefore, plaintiff cannot know whether there is any additional evidence; however, Plaintiff admits that at the time of the TTAB decision, the TTAB found defendant had sixty products identified by marks that include the term SEXY.

(g) Plaintiff cannot admit or deny this Request because discovery has not yet concluded, and, therefore, plaintiff cannot know whether there is any additional evidence; however, Plaintiff admits that at the time of the TTAB decision, the TTAB found that defendant sold its hair care products through distributors to professional salons and directly to professional salon chains.

(h) Plaintiff objects to this Request because "usually", "variety" and "small percentage" are indefinite and ambiguous terms. Subject to and without waiving the foregoing objection, Plaintiff cannot admit or deny this Request because discovery has not yet concluded, and, therefore, plaintiff cannot know whether there is any additional evidence; however, Plaintiff admits that at the time of the TTAB decision, the TTAB found that salons usually offered and sold a variety of hair care products from different manufacturers to their clients, the general consumer; and that the salons used a small percentage of the hair care products they bought at wholesale in rendering hair care services to their clients.

(i) Plaintiff cannot admit or deny this Request because discovery has not yet concluded, and, therefore, plaintiff cannot know whether there is any additional evidence; however, Plaintiff admits that at the time of the TTAB decision, the TTAB found defendant's shampoos sold at retail for approximately $6 – 7; and its styling products sold at retail for approximately $18 – 19.

(j) Plaintiff cannot admit or deny this Request because discovery has not yet concluded, and, therefore, plaintiff cannot know whether there is any additional evidence; however, Plaintiff admits that at the time of the TTAB decision, the TTAB found that the containers for defendant's SEXY products were generally uniform in appearance.

(k) Plaintiff objects to this Request because "numerous" and "various" are indefinite and ambiguous terms. Subject to and without waiving the foregoing objection, Plaintiff cannot admit or deny this Request because discovery has not yet concluded, and, therefore, plaintiff cannot know whether there is any additional evidence; however, Plaintiff admits that at

      the time of the TTAB decision, the TTAB found that numerous articles in various publications ranging from newspapers and magazines to trade publications referred to defendant using the terms SEXY HAIR CONCEPTS and SEXY HAIR, and referred to defendant's line of products as the SEXY HAIR line.

(l)      Plaintiff denies that defendant has a family of SEXY marks since this is the issue on appeal and otherwise cannot admit or deny this Request because discovery has not yet concluded, and, therefore, plaintiff cannot know whether there is any additional evidence; however, Plaintiff admits that at the time of the TTAB decision, the TTAB found that, except for the mark SEXY HAIR, defendant's so-called family of marks was characterized by the term SEXY preceded by a word that suggests an intended result of the product and followed by a generic noun in the hair care field (e.g., SEXY HAIR, BIG SEXY HAIR, STRAIGHT SEXY HAIR, SHORT SEXY HAIR, HEALTHY SEXY HAIR, HOT SEXY HAIR, WILD SEXY HAIR, HOT SEXY HIGHLIGHTS).

Request No. 7: Admit that the TTAB decision of April 20, 2007, does not amend the application which is the subject of this proceeding.

      Response:      Plaintiff admits that the TTAB decision of April 20, 2007 did not amend the application that is the subject of this proceeding because the TTAB cannot amend the application.

Request No. 8: Admit that the application, which is the subject of this proceeding, contains no restrictions on trade channels.

      Objection:      Plaintiff objects to this Request on the grounds that it is duplicative of Request No. 2.

      Response:      Subject to and without waiving the foregoing objection, plaintiff refers to and incorporates by reference its response to Request No. 2.

Request No. 9: Admit that the application, which is the subject of this proceeding, is not directed to a mark which contains the term Victoria's Secret as a component.

Response:    Plaintiff is unable to admit or deny this Request because it is incomprehensible.

*[handwritten: What?]*

Request No. 10: Admit that Appellant has not changed the nature of advertising for the SO SEXY mark.

Objection:    Plaintiff objects to this Request on the grounds that it is vague, ambiguous, and fails to specify any context or time period.

Response:    The Request lacks sufficient specificity for plaintiff to admit or deny, but to the extent a response is required, the Request is denied.

Request No. 11: Admit that Appellant has not changed the extent of advertising for the SO SEXY mark.

Objection:    Plaintiff objects to this Request on the grounds that it is vague, ambiguous, and fails to specify any context or time period.

Response:    The Request lacks sufficient specificity for plaintiff to admit or deny, but to the extent a response is required, the Request is denied.

Request No. 12: Admit that the Appellant has not changed the channels of distribution of the SO SEXY mark.

Objection:    Plaintiff objects to this Request on the grounds that it is vague, ambiguous, and fails to specify any context or time period.

Response:    Subject to and without waiving the foregoing objections, plaintiff admits that it continues to sell its SO SEXY hair products through its VICTORIA'S SECRET retail store locations, through the

8

VICTORIA'S SECRET catalog and on the Victoria's Secret website located at www.victoriassecret.com.

<u>Request No. 13</u>: Admit that the Appellant has not changed the target or actual customer of the SO SEXY mark.

    <u>Objection</u>: Plaintiff objects to this Request on the grounds that it is vague, ambiguous, and fails to specify any context or time period.

    <u>Response</u>: Subject to and without waiving the foregoing objections, admitted.

Dated:   New York, New York
          February 25, 2008

                                        **COLUCCI & UMANS**

                                        By: _/s/ Frank J. Colucci_
                                        Frank J. Colucci (FC-8441)
                                        Richard P. Jacobson (RJ-2843)
                                        218 East 50th Street
                                        New York, New York 10022
                                        Telephone: (212) 935-5700
                                        Facsimile: (212) 935-5728
                                        Email: email@colucci-umans.com

                                        Attorneys for Plaintiff

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the foregoing PLAINTIFF'S RESPONSES TO DEFENDANT'S FIRST SET OF REQUESTS FOR ADMISSIONS was served on counsel for defendant, Philip Furgang, Furgang & Adwar, L.L.P., 1325 Avenue of the Americas, 28th Floor, New York, New York, 10019, philip@furgang.com, and Roberta Jacobs-Meadway, Eckert Seamans Cherin & Mellot, LLC, Two Liberty Place, 50 South 16th Street, 22nd Floor, Philadelphia, Pennsylvania, 19102 rjacobsmeadway@eckertseamans.com, by email, on the 25th day of February, 2008.

*/s/ Kathleen M. McBann*