# EXHIBIT 10 TO

# STATEMENT OF FACTS

I HEREBY CERTIFY THAT THIS CORRESPONDENCE IS BEING DEPOSITED WITH THE UNITED STATES POSTAL SERVICE AS FIRST CLASS MAIL IN AN ENVELOPE ADDRESSED TO THE COMMISSIONER FOR TRADEMARKS, 2900 CRYSTAL DRIVE, ARLINGTON, VA 22202-3514 ON THE DATE INDICATED BELOW

By: _Judith Mellet-Mpa_
DATE: _9-15-04_

## IN THE UNITED STATES PATENT AND TRADEMARK OFFICE
## BEFORE THE TRADEMARK TRIAL AND APPEAL BOARD

| | |
|---|---|
| SEXY HAIR CONCEPTS, LLC, | ) |
| | ) |
| Opposer, | ) |
| | ) |
| v. | ) Opposition No. 125,739 |
| | ) |
| V SECRET CATALOGUE, INC., | ) (SO SEXY) |
| | ) |
| Applicant. | ) |

### NOTICE OF RELIANCE ON INTERROGATORY RESPONSES

Honorable Commissioner for Trademarks
2900 Crystal Drive
Arlington, VA 22202-3514

Dear Commissioner:

      Pursuant to T.B.M.P. §§704.01 and 37 C.F.R. §2.120(j), Opposer hereby gives notice that it intends to rely on the following

      The answers, as supplemented, provided by Applicant in response to Interrogatories 1, 4-7, 12-14, and 16 of Opposer's First Set Of Interrogatories. Exhibit A attached hereto contains the referenced interrogatories and responses, including all supplemental responses, and including documents referenced in the responses.

Respectfully submitted,

Dated: _9/15/04_

By: _____
Roberta Jacobs-Meadway
Jay K. Meadway
BALLARD SPAHR ANDREWS & INGERSOLL, LLP
1735 Market Street – 51st Floor
Philadelphia, PA 19103
(215) 665-8500
ATTORNEYS FOR OPPOSER

File No. 892492
PHL_A #1868512 v1

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the attached Notice of Reliance on Interrogatory Responses filed with U.S. Trademark Trial and Appeal Board was served on counsel for the Applicant on the date listed below via overnight mail delivery:

>Frank J. Colucci, Esquire
>Colucci & Umans
>Manhattan Tower
>101 East 52nd Street
>New York, NY 10022

Dated: __9-15__, 2004          _Judith Mullet Massi_ (signature)

IN THE UNITED STATES PATENT AND TRADEMARK OFFICE
BEFORE THE TRADEMARK TRIAL AND APPEAL BOARD

---

SEXY HAIR CONCEPTS, LLC,

    Opposer,

v.

V SECRET CATALOGUE, INC.,

    Applicant.

Opposition No.

125,739

---

### APPLICANT'S RESPONSE TO OPPOSER'S FIRST SET OF INTERROGATORIES

Applicant, V Secret Catalogue, Inc. ("V Secret") hereby responds to Opposer's First Set of Interrogatories as follows:

1. Identify all products in connection with which Applicant uses Applicant's Mark.

   **Answer:** Applicant has not yet commenced use of Applicant's Mark. Therefore, the interrogatory is inapplicable.

2. Identify the persons most knowledgeable concerning each use identified in response to Interrogatory 1.

   **Answer:** Applicant has not yet commenced use of Applicant's Mark. Therefore, the interrogatory is inapplicable.

3. Identify the actions Applicant has taken in preparation to use Applicant's Mark.

   **Answer:** Product development, including selection of specific items, their formulations, creation of the product containers and designs.

4. Identify each person participating in the development of Applicant's Mark, and for each person so identified, describe in detail his or her responsibility relating thereto.

   **Answer:** The selection of Applicant's Mark was a team effort involving the following participants: Robin Burns, President; Debi Theis, Vice President of Marketing for Sexy Color, Face & Hair; Sherry Baker, Vice President, Chief Marketing Officer, Marcia Mossack, Executive Vice President, Chief Creative Officer. All titles are with respect to Intimate Beauty Corporation d/b/a Victoria's Secret Beauty.

   Applicant's Mark SO SEXY was suggested to the team by the Copy Director, Kathi Van Zandt, and voted upon by the team. As a result, the team chose Applicant's Mark. Trademark Counsel conducted preliminary and comprehensive searches to determine the availability of Applicant's Mark. Thereafter, Applicant adopted

Applicant's Mark as instructed trademark counsel to file an intent to use application with the United States Patent and Trademark Office.

5. Identify all steps taken to promote products under Applicant's Mark.

Answer: None, to date, since applicant has not yet commenced use of Applicant's Mark.

6. Identify each person participating in promotion of products under Applicant's Mark and his or her responsibilities relating thereto.

Answer: None, to date, since applicant has not yet commenced use of Applicant's Mark.

7. For each product identified in response to Interrogatory No. 1, identify the dates of first use of Applicant's Mark.

Answer: Not applicable.

8. For each product identified in response to Interrogatory No. 1, identify the target market for the product.

Answer: Not applicable.

9. For each product identified in response to Interrogatory No. 1, identify the channels of trade through which the product is distributed.

Answer: Not applicable.

10. For each product identified in response to Interrogatory No. 1, identify each medium that Applicant employs to promote the sale of that product.

Answer: Not applicable.

11. For each product identified in response to Interrogatory No. 1, identify the price range of that product.

Answer: Not applicable.

12. For each product identified in response to Interrogatory No. 1, identify the annual sales, in unit and monetary amount, since use commenced.

Answer: Not applicable.

-2-

13. State whether any research has been considered or conducted on behalf of Applicant relating to Applicant's Mark or Opposer's SEXY Marks.

Objection: Applicant objects to the term "research" as being vague and indefinite.

Answer: Without waiving the foregoing objection, if by "research" Opposer means a trademark search, the answer is "Yes" as to Applicant's Mark. If by "research" Opposer means a market research study or survey, the answer is "No".

14. Identify all competitors whose activities Applicant monitors.

Objection: Applicant objects to the use of the term "monitors" as it does not monitor its competition as that term is defined.

Answer: Without waiving the foregoing objection and with respect to hair care products, some of Applicant's competition includes Pantene, Herbal Essence, Paul Mitchell, Nexxus, Redken and Clinique.

15. State whether Applicant is aware of any confusion between Opposer or Opposer's Mark and Applicant or Applicant's SEXY Marks (in any combination).

Answer: No.

16. Identify all uses by any entity other than Opposer and Applicant of the term SEXY as a name or mark, or component of a name or mark for hair care products.

Objection: Applicant objects to this interrogatory on the grounds that a) it is overly broad, unduly burdensome and harassing, b) Applicant cannot know "all uses by any entity" of the term "sexy" as a name or mark, or as a component of a name or mark for hair care products only, and c) it is unlimited as to time, place or trade channel.

17. With respect to each use of the term SEXY as a name and mark or component of a name or mark by Applicant and Intimate Beauty Corporation d/b/a Victoria's Secret Beauty, Victoria's Secret Direct, LLC, and Victoria's Secret Stores, Inc., referred to in Applicant's Third Affirmative Defense, identify:

Objection: Applicant objects to this interrogatory on the grounds that a) it is overly broad, unduly burdensome and harassing, b) it is not limited to any time period, c) with respect to subparts (b) and (c), it is not relevant nor likely to lead to the discovery of admissible evidence, and d) subpart (e) calls for a legal conclusion.

-3-

<u>Answer</u>: Without waiving the foregoing objections, Victoria's Secret Stores, Inc. and Victoria's Secret Direct, LLC are using the mark VERY SEXY for lingerie and Intimate Beauty Corporation d/b/a Victoria's Secret Beauty is using the mark VERY SEXY for fragrances for men and women. Victoria's Secret Stores, Inc. and Victoria's Secret Direct, LLC have also used THE NEW SHAPE OF SEXY for lingerie. Intent to use applications have also been filed to register, <u>inter alia</u>, VICTORIA'S SECRET SEXY ANGELS, PURELY SEXY, SEXY SUPPORT, SEX KITTEN and SEXY SMOOTH for clothing, BEACH SEXY for swimwear; PURELY SEXY, SEXY CHEEKS and VICTORIA'S SECRET SEXY ANGELS for personal care; VERY SEXY VERY NOW for an editorial column; and in addition, SO SEXY, BARE & SEXY and THE SEXY SECRETS COLLECTION for personal care.

(b) the sales of each product identified in the response to Interrogatory 17(a);

<u>Answer</u>: See objection.

(c) the advertising expenditures for each product identified in response to Interrogatory 17(a);

<u>Answer</u>: See objection.

(d) the trade channels for each product identified in response to Interrogatory 17(a); and

<u>Answer</u>:

  i) With respect to fragrances and personal care, Victoria's Secret Beauty retail stores;
  ii) Victoria's Secret retail stores with respect to clothing, lingerie and some personal care;
  iii) Victoria's Secret catalogues; and
  iv) Victoria's Secret website.

(e) whether Applicant or its affiliates claims any mark that it uses including the term SEXY is a famous mark.

<u>Answer</u>: See objection.

In respect of the objections,

Dated: October 15, 2002

COLUCCI & UMANS

By: *[signature]*
Frank J. Colucci
101 East 52nd Street, 16th Floor
New York, New York 10022
(212) 935-5700

-4-

## VERIFICATION

STATE OF DELAWARE        )
                         ) ss:
COUNTY OF NEW CASTLE     )

  I, William R. Bechstein, being duly sworn, depose and say:

  1. I am the Secretary of V SECRET CATALOGUE, INC., and am authorized to execute this Verification.

  2. I have read the foregoing Applicant's Response to Opposer's First Set of Interrogatories and certify that the responses set forth therein are true and accurate to the best of my personal knowledge, information and belief or upon information provided to me by others.

          _/s/ William R. Bechstein_
          William R. Bechstein
          V Secret Catalogue, Inc.

Sworn to before me this
9th day of October, 2002

_/s/ Heather R. Hill_

**HEATHER R. HILL**
**NOTARY PUBLIC-DELAWARE**
My Commission Expires Dec. 21, 2002

-5-

## CERTIFICATE OF SERVICE

I, Frank J. Colucci, an attorney, certify that a true and correct copy of the foregoing Applicant's Response to Opposer's First Set of Interrogatories was served on counsel for the Opposer on the date listed below via United States Mail:

> Roberta Jacobs-Meadway
> Ballard Spahr Andrews & Ingersoll, LLP
> 1735 Market Street, 51st Floor
> Philadelphia, Pennsylvania  19103-7599

_Frank J. Colucci_
Frank J. Colucci

Dated: October 15, 2002

-6-

IN THE UNITED STATES PATENT AND TRADEMARK OFFICE
BEFORE THE TRADEMARK TRIAL AND APPEAL BOARD

----------------------------------x
SEXY HAIR CONCEPTS, LLC,           :
                                   :
            Opposer,               :   Opposition
                                   :
     v.                            :   No. 125,739
                                   :
V SECRET CATALOGUE, INC.,          :   (SO SEXY)
                                   :
            Applicant.             :
----------------------------------x

RECEIVED
SEP 25 200?

### APPLICANT'S SUPPLEMENTAL RESPONSES TO OPPOSER'S RESPONSE FIRST SET OF INTERROGATORIES

Applicant, V Secret Catalogue, Inc., by its attorneys, hereby provides Supplemental Responses to Opposer's First Set of Interrogatories.

### GENERAL OBJECTIONS

Applicant incorporates by reference the general objections contained within its responses to Opposer's Request for First Set of Interrogatories.

1.) Identify all products in connection with which Applicant uses Applicant's Mark.

**Answer:** Applicant has not yet commenced use of Applicant's Mark. Therefore, the interrogatory is inapplicable.

**Supplemental Response**: Since April 10, 2003 to date, Applicant has used and is using its mark SO SEXY in connection with the products set forth below, as part of its "In-store Testing":

a) Nourishing Shampoo and Nourishing Conditioner

b) Normal Shampoo and Normal Conditioner

c) Clarifying Shampoo and Clarifying Conditioner

d) Volumizer Shampoo and Volumizer Conditioner

All sold in 10 ounce bottles and a 2 ounce travel size set of shampoo and conditioner, and as for the styling aids:

e) Hair spray

f) Mousse

g) Gels

    i) straightening balm

    ii) sculpting gel

    iii) curl enhancing gel

2. Identify the persons most knowledgeable concerning each use identified in response to Interrogatory 1.

**Answer**: Applicant has not yet commenced use of Applicant's Mark. Therefore, the interrogatory is inapplicable.

**Supplemental Response**: Cassandra Kelley, Marketing Manager of Victoria's Secret Beauty.

5. Identify all steps taken to promote products under Applicant's Mark.

**Answer**: None to date, since applicant has not yet commenced use of Applicant's Mark.

**Supplemental Response**: As of April 10, 2003, applicant has used in-store signage, namely, shelftalkers, such as the one's produced in Supplemental Response No. 9 for Applicant's Response to Opposer's Production of Documents and Things.

6. Identify each person participating in promotion of products under Applicant's Mark and his or her responsibilities relating thereto.

**Answer**: None, to date, since applicant has not yet commenced use of Applicant's Mark.

**Supplemental Response**: Cassandra Kelley.

7. For each product identified in response to Interrogatory No. 1, identify the dates of first use of Applicant's Mark.

**Answer**: Not applicable.

**Supplemental Response**: April 10, 2003 for each product identified above in the Supplemental Response to Interrogatory No. 1.

8. For each product identified in response to Interrogatory No. 1, identify the target market for the product.

**Answer**: Not applicable.

**Supplemental Response**: Current Victoria's Secret's customer base.

9. For each product identified in response to Interrogatory No. 1, identify the channels of trade through which the product is distributed.

**Answer**: Not applicable.

**Supplemental Response**: Currently, only in ninety (90) Victoria's Secret stores.

10. For each product identified in response to Interrogatory No. 1, identify each medium that Applicant employs to promote the sale of that product.

**Answer**: Not applicable.

**Supplemental Response**: Currently, only in-store signage that consists of shelftalkers, which were produced in connection with Applicant's Supplemental Response No. 9 to Opposer's Production of Documents and Things.

11. For each product identified in response to Interrogatory No. 1, identify the price range of that product.

**Answer**: Not applicable.

**Supplemental Response**: Currently, the retail price range is between $7.00 to $8.50. As for the travel size items, a set of 2 ounce bottles of shampoo and conditioner sells for $6.00.

12. For each product identified in response to Interrogatory No. 1, identify the annual sales, in unit and monetary amount, since use commenced.

**Answer**: Not applicable.

**Supplemental Response**: Not applicable, since Applicant has not been using the mark for a year. However, Applicant previously produced in response to Opposer's Document Request No. 60, documents, IBC 0658-IBC 0659, evidencing Applicant's sales of the mark SO SEXY from as early as the second week of April, 2003 to the second week of July, 2003.

17. With respect to each use of the term SEXY as a name and mark or component of a name or mark by Applicant and Intimate Beauty Corporation d/b/a, Victoria's Secret Beauty, Victoria's Secret Direct, LLC, and

Victoria's Secret Stores, Inc., referred to in Applicant's Third Affirmative Defense, identify:

(a)  the products referenced in the Defense;

(b)  the sales of each product identified in response to Interrogatory 17(a);

(c)  the advertising expenditures for each product identified in response 17(a);

(d)  the trade channels for each product identified in response to Interrogatory 17(a); and

(e)  whether Applicant or its affiliates claims any mark that it uses including the term SEXY is a famous mark.

**Objection**: Applicant objects to this interrogatory on the grounds that a) it is overly broad, unduly burdensome and harassing, b) it is not limited to any time period, (c) with respect to subparts (b) and (c), it is not relevant nor likely to lead to the discovery of admissible evidence, and (d) subpart (e) calls for a legal conclusion.

(a)  the products referenced in the Defense;

**Answer**: Without waiving the foregoing objections, Victoria's Stores, Inc., and Victoria's Secret Direct, LLC are using the mark VERY SEXY for lingerie and Intimate Beauty Corporation d/b/a Victoria's Secret Beauty

is using the mark VERY SEXY for fragrances for men and women. Victoria's Secret Stores, Inc., and Victoria's Secret Direct, LLC have also used THE NEW SHAPE OF SEXY for lingerie. Intent to use applications have also been filed to register, <u>inter alia</u>, VICTORIA'S SECRET SEXY ANGELS, PURELY SEXY, SEXY SUPPORT, SEX KITTEN and SEXY SMOOTH for clothing, BEACH SEXY for swimwear; PURELY SEXY, SEXY CHEEKS and VICTORIA'S SECRET SEXY ANGELS for personal care; VERY SEXY VERY NOW for an editorial column; and in addition, SO SEXY, BARE & SEXY and THE SEXY SECRET COLLECTION for personal care.

(b)  the sales of each product identified in the response to Interrogatory (17)(a);

**Answer**:  See objection.

(c)  the advertising expenditures for each product identified in response to Interrogatory 17(a);

**Answer**:  See objection.

(d)  the trade channels for each product identified in response to Interrogatory 17(a); and

**Answer**:

i)  With respect to fragrances and personal care, Victoria's Secret Beauty retail stores;

ii)  Victoria's Secret retail stores with respect to clothing, lingerie and some personal care;

        iii) Victoria's Secret catalogues; and

        iv)  Victoria's Secret website.

(e)    whether Applicant or its affiliates claims any mark that it uses including the term SEXY is a famous mark.

**Answer**:  See objection.

**Supplemental Responses**:

(b)    the sales of each product identified in the response to Interrogatory (17)(a);

**Supplemental Response**: With respect to VERY SEXY in connection with both lingerie and fragrances there has been approximately 450 million dollars in sales since Spring 2001 to present. As for THE NEW SHAPE OF SEXY, since its launch in the Spring of 1999, it has had a total of 148.6 million dollars in sales. Sales of BEACH SEXY goods commenced in February, 2002, and have approximately reached over 9 million dollars to date.

(c)    the advertising expenditures for each product identified in response to Interrogatory 17(a);

**Supplemental Responses**: Advertising in connection with VERY SEXY, since Fall, 2001 to present is approximately over 36 million dollars. Advertising expenditures in connection with THE NEW SHAPE OF SEXY will be provided shortly. As for BEACH SEXY sold through the

catalogue, advertising costs are part of catalogue costs which since February, 2002 have reached over 2.5 million dollars.

Dated:     New York, New York
           September 24, 2003

                                    COLUCCI & UMANS

                                    By /s/ Frank J. Colucci
                                    Frank J. Colucci
                                    Attorneys for Applicant
                                    Manhattan Tower
                                    101 East 52nd Street,
                                    New York, New York 10022
                                    (212) 935-5700

**CERTIFICATE OF SERVICE**

It is hereby certified that a copy of the foregoing "Applicant's Supplemental Responses to Opposer's First Set of Interrogatories" has been forwarded via First Class Mail, postage prepaid, to Opposer's Attorney, Roberta Jacobs-Meadway of Ballard Spahr Andrews & Ingersoll, LLP at 1735 Market Street, 51st Floor, Philadelphia, Pennsylvania 19103-7599 this 24th day of September, 2003.

*[signature: Andrea Piley]*