**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| VICTORIA'S SECRET STORES BRAND MANAGEMENT, INC., | Case No. 07cv-5804 (GEL) |
| Plaintiff, | ECF CASE |
| v. | |
| SEXY HAIR CONCEPTS, LLC, | |
| Defendant. | |

## MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION TO STRIKE THE DECLARATION OF JOHN F. METZGER

Plaintiff, Victoria's Secret Stores Brand Management, Inc. ("Victoria's Secret") hereby moves to strike the Declaration of John F. Metzger, filed by defendant, Sexy Hair Concepts, LLC ("SHC"), as improper pursuant to *Fed. R. Civ. P.* 56(e).

## PRELIMINARY STATEMENT

The Declaration of John F. Metzger, including the exhibits thereto, should be stricken as failing to meet basic evidentiary standards. Specifically, Mr. Metzger lacks personal knowledge as to the statements contained in his declaration, which consists of inadmissible hearsay and generalized conclusions. Therefore, the Metzger Declaration is inadmissible.

Rule 56(e) of the Federal Rules of Civil Procedure provides that affidavits or declarations "must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant is competent to testify on the matters stated." *Fed. R. Civ. P.* 56(e). The Metzer declaration fails to meet this standard and should be stricken.

## STATEMENT OF RELEVANT FACTS

John F. Metzger ("Metzger") is a legal assistant at Eckert Seamans Cherin & Mellott, LLC, attorneys for SHC. Metzger identifies his job responsibilities as including "general, internet and legal research, litigation support, document review and analysis, document organization and control and electronic discovery support." Metzger Declaration, ¶3 (hereinafter referred to as "Metzger Decl.")

The Metzger Declaration can only be characterized as a blatant attempt to circumvent the Federal Rules of Evidence. Specifically, the Metzger Declaration is merely intended to serve as a conduit to admit inadmissible and irrelevant evidence.

The documents attached as Exhibits to Metzger's Declaration include irrelevant trademark applications and registrations, purported printouts of various shopping mall store locations, Google searches, and unauthenticated archived web pages. The vast majority of the content and documents appended to Metzger's Declaration are inadmissible and immaterial.

## ARGUMENT

### THE METZGER DECLARATION AND ITS EXHIBITS SHOULD BE STRICKEN BECAUSE THEY CONSIST OF INADMISSIBLE HEARSAY AND IRRELEVANT EVIDENCE

Rule 56(e) of the Federal Rules of Civil Procedure provides that affidavits or declarations "must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant is competent to testify on the matters stated." *Fed. R. Civ. P.* 56(e). A court may rightly "strike portions of an affidavit that are not based upon the affiant's personal knowledge, contain inadmissible hearsay or make generalized and conclusory statements." *New York v. St. Francis Hosp.*, 94 F. Supp. 2d 423, 425 (S.D.N.Y. 2000) (*citing Hollander v. American Cyanamid Co.*, 172 F.3d 192, 198 (2d Cir. 1999)).

**Metzger Decl., Ex. A: Victoria's Secret's Trademark Registrations of BEACH SEXY and SEXY SUPPORT**

Metzger appends copies of two Victoria's Secret registered trademarks, Reg. No. 2,754,457 for BEACH SEXY for swimwear, and Reg. No. 2,776,825 for SEXY SUPPORT for lingerie, as Exhibit A to his declaration. These trademark registrations are irrelevant because the BEACH SEXY and SEXY SUPPORT marks are not at issue in this proceeding. The goods covered by these registrations are apparel, respectively, swimwear and lingerie; hence, they have nothing to do with hair care products. Further, the United States Patent and Trademark Office ("USPTO") rules impose no affirmative obligation to include a disclaimer in a trademark application absent a requirement to do so by the trademark examiner, which was not imposed in this instance. Therefore, the lack of a disclaimer for the word "sexy", as opposed to disclaimers for generic words, *i.e.*, BEACH or SUPPORT, is of no consequence. Accordingly, Exhibit A to the Metzger Declaration and all assertions related thereto should be disregarded.

**Metzer Decl., Ex. B: Mall Store Location Printouts**

Metzger also seeks to improperly introduce website printouts of mall store listings. However, Metzger lacks personal knowledge of the information contained in the printouts and is, therefore, unable to authenticate the contents as required by *Fed. R. Civ. P.* 56(e). The mall store location printouts also violate the hearsay rule because Metzger apparently offers them to prove the truth of the matter asserted, specifically, that the malls where Dr. Ford conducted his survey contain VICTORIA'S SECRET retail stores. *Fed. R. Evid.* 801. Such use of a website printout for the purpose offered by SHC is improper.[1] *Novak v. Tucows, Inc.*, No.

---

[1] In SHC's motion *in limine* to preclude the Ford surveys, SHC asserts, without any substantiation whatsoever, that the presence of VICTORIA'S SECRET retail stores in the malls where the surveys were conducted somehow biased the results. As addressed in Victoria's Secret's opposition to the motion *in limine* to preclude the Ford surveys, SHC's assertion, "It is likely that a potential respondent could have just shopped at a Victoria's Secret store immediately prior to the survey, influencing his or her response", is sheer nonsense founded on rank speculation.

06-CV-1909, 2007 U.S. Dist. LEXIS 21269, at *15-16 (E.D.N.Y. Mar. 26, 2007) (*citing United States v. Jackson*, 208 F.3d 633, 638 (7th Cir. 2000)) (declining to admit web postings where defendant was unable to show that the postings were authentic, and holding that even if such documents qualified under a hearsay exception, they are "inadmissible if the source of information or the method or circumstances of preparation indicate a lack of trustworthiness") (*quoting United States v. Croft*, 750 F.2d 1354, 1367 (7th Cir. 1984)).

**Metzger Decl., Exs. C and D:  GOOGLE Search Results and Web Search Help Center**

      Metzger's Declaration next offers printouts from internet searches and the Google website.  These documents are both unilluminating and irrelevant, but, more significantly, they are inadmissible hearsay.

      This Court has noted that it is doubtful that the disposition of a case on summary judgment "is furthered by counsel [in the case at bar, a paralegal] being the personal vehicle by which the 'undisputed' facts are put before the Court" and also questioned whether "it is conducive to the orderly administration of justice for counsel to become the voice on summary judgment". *Universal Film Exchanges, Inc. v. Walter Reade, Inc.*, 37 F.R.D. 4, 5 (S.D.N.Y. 1965) (*citing Inglett & Co., Inc. v. Everglades Fertilizer Co., Inc.*, 255 F.2d 342, 349-50 (5th Cir. 1958)).  Therefore, the Court may strike the portions of Metzger's Declaration that are not based upon his "personal knowledge, contain inadmissible hearsay or make generalized and conclusory statements." *New York v. St. Francis Hosp.*, 94 F. Supp. 2d 423, 425 (S.D.N.Y. 2000) (*citing Hollander v. American Cyanamid Co.*, 172 F.3d 192, 198 (2d Cir. 1999)).

      Metzger is unable to properly authenticate the website printouts attached to his declaration.  "Where postings from internet websites are not statements made by declarants testifying at trial and are offered to prove the truth of the matter asserted, such postings generally

constitute hearsay under *Fed. R. Evid.* 801." *Novak*, 2007 U.S. Dist. LEXIS 21269, at *15-16

(*citing United States v. Jackson*, 208 F.3d at 638)) (declining to admit web postings where

defendant was unable to show that the postings were authentic, and holding that even if such

documents qualified under a hearsay exception, they are "inadmissible if the source of

information or the method or circumstances of preparation indicate a lack of trustworthiness")

(*quoting United States v. Croft*, 750 F.2d at 1367).

       Metzger's Declaration offers testimony regarding the results of his internet

searches and asks the Court to rely on his statements. (Metzger Decl., ¶¶ 8-10) Likewise,

Metzger continues relating inadmissible hearsay about Google, searching techniques and

interpretation of those results. This information is not based on personal knowledge. Instead,

Metzger's Declaration merely parrots the text that appears on the printouts he attached to his

declaration. (Metzger Decl., ¶¶ 9-10)

       Since the words "sexy" and "hair" comprise SHC's trade name, it is unsurprising

that Metzger's Google search for "Sexy Hair" or "sexyhair" may have returned results featuring

SHC. However, such results prove nothing in determining the ultimate contested issue – whether

SHC has a family of marks in the word "sexy". Therefore, these search results are irrelevant,

and, because Metzger is unable to authenticate such printouts as required by *Fed. R. Evid.* 901,

inadmissible.

       As in the *Novak* case, "[w]hile plaintiff's declaration purports to cure his inability

to authenticate the documents printed from the internet, he in fact lacks the personal knowledge

required to set forth with any certainty that the documents obtained via third-party websites are,

in fact, what he proclaims them to be." *Novak*, 2007 U.S. Dist. LEXIS 21269, at *17. As

another court has observed, "Anyone can put anything on the Internet. No web-site is monitored

for accuracy and nothing contained therein is under oath or even subject to independent verification absent underlying documentation. Moreover, the Court holds no illusions that hackers can adulterate the content on any web-site from any location at any time. For these reasons, any evidence procured off the Internet is adequate for almost nothing . . . ." *St. Clair v. Johnny's Oyster & Shrimp, Inc.*, 76 F. Supp. 2d 773, 775 (S.D. Tex. 1999). Accordingly, Exhibits C and D and the narrative related thereto in Metzger's Declaration at paragraphs 7 through 10 must be stricken.

## Metzger Decl. Exhibit E:  Appendix F of Dr. Ford's Likelihood of Confusion Survey

Metzger's Declaration Exhibit E is not a true and accurate copy of Appendix F of "Dr. Ford's Volume II to his Likelihood of Confusion Survey." Appendix F of Dr. Ford's survey report is a one-page document, not the multiple pages offered by Metzger. In addition, the extraneous pages from Dr. Ford's report that Metzger included as his Exhibit E correspond to Volume I, not II, of Dr. Ford's survey report. Further, Metzger's Exhibit E is unnecessary because the correct document is already before the Court as part of the Declaration and Rule 26 Report of Dr. Gerald L. Ford included with Victoria's Secret's opposition to SHC's motions for summary judgment and motion *in limine* to preclude Dr. Ford's surveys and reports.

## Metzger Decl. Exhibit F:  "Wayback Machine" Search Results

In support of its motion, Metzger seeks to introduce archived webpages from the website www.archive.org, which are purportedly search results obtained by using an internet tool called the "wayback machine". Relying on an unauthenticated printout from the "wayback machine", Metzger asserts that Paul Labrecque's website first used the motto "Simple. Sexy. Sophisticated" on his website in 2005.[2] Metzger's assertions are unauthenticated, inadmissible

---

[2] In addition to citing the incorrect exhibit, SHC's motion *in limine* to preclude the Labrecque testimony contradicts Metzger's Declaration and contends Labrecque has been using the motto on his website since only 2006.

hearsay offered to prove the truth of the matter asserted, namely, when Labrecque's slogan first appeared on his website. Such a contention is a flagrant violation of the rules of evidence regarding hearsay (*Fed. R. Evid.* 802), lack of personal knowledge (*Fed. R. Evid.* 602), lack of authenticity *(Fed. R. Evid.* 901*)* and irrelevance (*Fed. R. Evid.* 402). In any event, SHC's efforts are for naught because Labrecque's Expert Report states he has used his philosophy of "Simple. Sexy. Sophisticated." for five years and that it appears on his website as a mission statement.[3]

This Circuit excludes results from the "wayback machine" because such proof fails to meet the authentication requirement of *Fed. R. Evid.* 901. *Chamilia, LLC v. Pandora Jewelry, LLC*, 04-CV-6017, 2007 U.S. Dist. LEXIS 71246, at *19-20 (S.D.N.Y. Sept. 24, 2007) ("Wayback Machine" result "suffers from fatal problems of authentication under *Fed. R. Evid.* 901); *Novak,* 2007 U.S. Dist. LEXIS 21269, at *17-18 (striking "wayback machine" evidence "in the absence of any authentication of plaintiff's internet printouts, combined with the lack of any assertion that such printouts fall under a viable exception to the hearsay rule"). "Where postings from internet websites are not statements made by declarants testifying at trial and are offered to prove the truth of the matter asserted, such postings generally constitute hearsay under *Fed. R. Evid.* 801. *Novak,* 2007 U.S. Dist. LEXIS 21269, at *15. Under the circumstances, any "wayback machine" search results should be excluded as improper pursuant to *Fed. R. Evid.* 901.

**Metzger Decl., Ex. G:  Paul Labrecque Salon Website Printouts**

Metzger also seeks to improperly offer website printouts of the Paul Labrecque Salon website. Once again, Metzger lacks personal knowledge of the information contained in the printouts and is, therefore, unable to authenticate the contents as required by *Fed. R. Civ. P.* 56(e). The Labrecque website printouts also violate the hearsay rule because Metzger

---

[3] SHC elected not to depose Paul Labrecque. Consequently, its lack of diligence should not afford it a means to challenge Mr. Labrecque's expert report based on raw speculation and inadmissible documents.

purportedly offers them to prove the truth of the matter asserted, namely, the specific services, pricing, locations and clientele for Paul Labrecque Salon & Spas in New York City. *See Fed. R. Evid.* 801(c). The use of the website is therefore improper. *Novak,* 2007 U.S. Dist. LEXIS 21269, at *15; *see, e.g,. Costa v. Keppel Singmarine Dockyard PTE, Ltd.*, No. 01-CV-11015 MMM (Ex), 2003 U.S. Dist. LEXIS 16295, at *29, n.74 (C.D. Cal. Apr. 25, 2003) (declining to consider downloads from corporation's website in absence of authenticating testimony from corporation).

In fact, the assertions SHC attempts to make in its motion *in limine* to preclude Mr. Labrecque's testimony that rely on the printout from his web site (Mem. at 6) are factually erroneous, as Mr. Labrecque's separately filed declaration in opposition to SHC's motions unequivocally states. (Labrecque Decl., ¶ 5)

**Metzger Decl., Ex. H:  SHC Trademark Registrations From 2007**

Metzger also appends printouts from the USPTO website regarding the status of SHC's trademark registrations for SHORT SEXY, HEALTHY SEXY and STRONGSEXYHAIR as Exhibit H to his declaration.  Because SHC must establish it owns a family of marks prior to the junior user's entry into the marketplace, *Land-O-Nod Co. v. Paulison,* 220 U.S.P.Q. 61, 65-66 (T.T.A.B. 1983), the aforementioned three registrations, which issued in 2007, are immaterial and irrelevant.  Furthermore, any probative value is exceeded by the potential prejudicial effect such registrations could cause insofar as they are construed to bolster SHC's claim to a family of SEXY composite marks because they should not be considered at all.

## **CONCLUSION**

For all of the foregoing reasons, Victoria's Secret requests that the Metzger

Declaration and exhibits be struck in their entirety.

Dated:     New York, New York
           May 23, 2008

**COLUCCI & UMANS**

By: *Frank J Colucci*
Frank J. Colucci (FC-8441)
Richard P. Jacobson (RJ-2843)
218 East 50th Street
New York, New York 10022
Telephone: (212) 935-5700
Facsimile: (212) 935-5728
Email:  email@colucci-umans.com

Attorneys for Plaintiff

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the foregoing **MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION TO STRIKE THE DECLARATION OF JOHN F. METZGER, NOTICE OF MOTION** and **PROPOSED ORDER** were served on counsel for defendant, Roberta Jacobs-Meadway, Eckert Seamans Cherin & Mellott, LLC, Two Liberty Place, 50 South 16th Street, 22nd Floor, Philadelphia, Pennsylvania, 19102, by FedEx, on the 23rd day of May, 2008.