UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

VICTORIA'S SECRET STORES BRAND
MANAGEMENT, INC.

        Plaintiff / Appellant,

v.

SEXY HAIR CONCEPTS, LLC

        Defendant / Appellee.

No. 07-cv-5804 (GEL)

---

**REPLY AND RESPONSE TO PLAINTIFF/APPELLANT'S RESPONSE AND
ADDITIONAL RULE 56.1 STATEMENT OF MATERIAL FACTS**

Defendant/Appellee, Sexy Hair Concepts, LLC ("Sexy Hair"), pursuant to Local Civil Rule 56.1, hereby replies to Plaintiff / Appellant, Victoria's Secret Stores Brand Management, Inc.'s ("VSecret") response to Sexy Hair's Rule 56.1 Statement of Material Facts and responds to VSecret's Statement of Additional Material Fact in Dispute, establishing that no genuine issues of material facts exist that necessitate trial.

**REPLIES TO VSECRET'S RESPONSES TO
SEXY HAIR'S STATEMENTS OF MATERIAL FACT**

1.    Sexy Hair's contention that it has been using SEXY HAIR as a name and mark and SEXY as a mark and as the dominant component of a name and mark for hair care products since 1998 is supported by the testimony of Mark Stiller attached to Sexy Hair's original motion and was a factual finding of the Trademark Trial and Appeal Board ("TTAB" or "the Board") based upon substantial evidence. (Stiller Test. Dep. 11, attached as Ex. 1 to Sexy Hair's 56.1 Statement; Compl., Ex. A at 6). VSecret's contention that Sexy Hair does not own a registration for SEXY without additional terms is true, but immaterial. Sexy Hairs owns a

pending application for the mark. (Ex. B, to Decl. of John Metzger in Further Supp. to Mot. for Sum. Judgmt. ("Metzger Supp. Decl.")). The issue before this Court is whether the Board's decision sustaining Sexy Hair's opposition the registration of SO SEXY by VSecret for certain hair care products is supported by substantial evidence and should be affirmed.

2.   VSecret's response fails to raise a genuine issue of material fact subject to dispute. VSecret's survey does not address this issue and should be afforded no weight as a response. Further, the survey itself is so fatally flawed as to establish nothing relevant to these proceedings. (Sexy Hair's Motion *in Limine* to Preclude the Survey and Report of Dr. Michael B. Mazis).

3.   VSecret's response fails to raise a genuine issue of material fact subject to dispute. Sexy Hair's contention is an undisputed fact supported by the testimony deposition of Mark Stiller. (Stiller Test. Dep. 22; Stiller Test. Dep. Ex. 5-9, attached as Ex. 4 to Sexy Hair's 56.1 Statement; Stiller Test. Dep. 35-37, attached hereto as Ex. 14; Federici Test. Dep. 31-34, attached hereto as Ex. 15).

4.   VSecret's response fails to raise a genuine issue of material fact subject to dispute. Sexy Hair's contention is an undisputed fact supported by the testimony deposition of Mark Stiller (Stiller Test. Dep. 22, 35-37; Stiller Test. Dep. Ex. 5-9; Federici Test. Dep. 31-34). In lieu of evidence to support a genuine issue of material fact, VSecret improperly uses this forum for legal argument and case citation. Local Rule 56.1 makes no mention of case law argument and such references should be stricken or afforded no weight.

5.   VSecret's response provides no evidence and fails to raise a genuine issue of material fact subject to dispute. VSecret mischaracterizes the Board's conclusions with respect to family of marks. (Compl., Ex. A at 23-24). VSecret's reference to its survey and

"empirical" evidence is immaterial as the survey does not focus the existence of family of marks. VSecret's reference to the Board's findings on pages 27-28 specifically reference VSecret's improper attempt to rely on the use its house mark to support its application. (Compl., Ex. A. 27-28). Finally, VSecret provides additional examples of Sexy Hair's family of hair care products in its own declaration. (Ex. 15 to Declaration of Frank Colucci ("Colucci Decl.")).

6.  VSecret's response does not dispute Sexy Hair's contention or create a genuine issue of material fact. Sexy Hair acknowledges that its hair care products are advertised both individually and together with other members of the Sexy Hair family.

7.  VSecret's response fails to raise a genuine issue of material fact subject to dispute. VSecret does not and cannot dispute the nature of how Sexy Hair uses its mark and marks in commerce. Rather, VSecret improperly argues law (presupposing that empirical evidence is needed to find a family of marks) and relies upon a flawed survey that never raises the question of the existence of family of marks.

8.  Sexy Hair's contention is supported by the September 14, 2004 Notice of Reliance on media articles attached to the original 56.1 statement, as well as the judicial notice taken by the Board in its opinion of the definition of "sexy". (Sexy Hair NOR filed 09/14/04, publications, attached as Ex. 5 to Sexy Hair's 56.1 Statement; Compl., Ex. A. at 23). VSecret's response fails to raise a genuine issue of material fact subject to dispute. The entirety of the response is immaterial and misleading. At no point does any evidence to which VSecret points actually describe any characteristic of hair or hair care products. Rather, VSecret attempts to attach a laundry list of contradictory and idiosyncratic adjectives that allegedly create a common "description" of "sexy" for hair, but clearly do nothing of the kind, only demonstrating the absence of any information conveyed directly about the goods by the term. Particularly, what is

shown is isolated use of different words conveying different images: "full", "sleek", "big", "strong", "healthy", "smooth", "straight", and "shiny". VSecret misleads the Court, suggesting that media articles never misquote or paraphrase interviewees and that there is something nefarious in Mr. O'Rourke's inability to remember the exact words he used in an interview he may have given in years past. VSecret mischaracterizes trademark use of SEXY as allegedly descriptive use. VSecret relies on a flawed opinion to buttress his lack of evidence and mischaracterizations of fact.

9. Sexy Hair's contention is supported by the September 14, 2004 Notice of Reliance on media articles attached to the original 56.1 statement, as well as the judicial notice taken by the Board in its opinion of the definition of "sexy". (Sexy Hair NOR filed 09/14/04, publications; Compl., Ex. A. at 23). VSecret's response fails to raise a genuine issue of material fact subject to dispute. Rather, VSecret relies on a flawed expert report that also fails to describe with any particularity any characteristic of "sexy" as it relates to hair care. In the absence of disputed competent evidence, VSecret once again improperly cites to law and legal argument.

10. Sexy Hair's contention is supported by the September 14, 2004 Notice of Reliance on media articles attached to the original 56.1 statement. (Sexy Hair NOR filed 09/14/04, publications; VSecret NOR filed 2/10/05, Applicant's Ex. RR, Dep. of Michael O'Rourke, pgs 105-06, attached as Ex. 2 to Sexy Hair's 56.1 Statement). VSecret's response fails to raise a genuine issue of material fact subject to dispute. VSecret produces no evidence to demonstrate that "sexy" conveys anything specific with respect to any characteristics or functions of hair care products. Sexy Hair maintains its objection to VSecret's attempt to use this forum for legal citation and argument.

11. VSecret's response fails to raise a genuine issue of material fact subject to dispute. VSecret's response goes to the inferences to be drawn from the undisputed facts. VSecret also improperly relies on a flawed expert report that: (a) never addressed the existence of family of marks and (b) is irrelevant to Sexy Hair's level of sales figures for hair care products.

12. VSecret's response fails to raise a genuine issue of material fact subject to dispute. VSecret fails to dispute Sexy Hair's significant presence in the mass media. VSecret mischaracterizes the testimony of Donna Federici and improperly attempts to argue quotes to support its claims. Most importantly though, VSecret attempts to introduce evidence immaterial to support a premise disputing Sexy Hair's specific claim. None of the evidence to which VSecret relies disputes Sexy Hair's presence in mass media. VSecret only seeks to introduce cumulative examples regarding its claim that "sexy" is descriptive, none of which examples provide or establish a clear distinct definition of the term as it relates to goods.

13. VSecret's response fails to raise a genuine issue of material fact subject to dispute. Instead, VSecret's response reiterates its improper efforts to introduce legal argument into this forum regarding the requirements of establishing a family of marks. VSecret also continues to rely on a flawed survey that never addressed families of marks to support contentions involving families of marks.

14. VSecret's response fails to raise a genuine issue of material fact subject to dispute. Sexy Hair's expenditures for advertising are not in dispute. VSecret again relies upon improper legal argument to support a contention that cannot be disputed by fact.

15. VSecret's response fails to raise a genuine issue of material fact subject to dispute. VSecret's contentions go to the weight, not the existence of the evidence. The evidence is material to commercial strength.

16. VSecret's response fails to raise a genuine issue of material fact subject to dispute. VSecret's contentions go to the weight, not the existence of the evidence. The evidence is material to commercial strength.

17. Sexy Hair's contentions are supported by the AC Nielson report already produced as part of the original motion and the testimony of Mark Stiller. (Decl. of Jim Morrison, ¶ 6 and attachments; see also Stiller Test. Dep. at 30-31) VSecret's response fails to raise a genuine issue of material fact subject to dispute. The evidence VSecret cites to in an effort to create an issue of fact do not dispute Sexy Hair's evidence of diversion. The AC Nielson report qualifies as a business records exception under Fed. R. Evid. 803(6), or alternatively 807.

18. VSecret's response fails to raise a genuine issue of material fact subject to dispute. The AC Nielson report qualifies as a business records exception under Fed. R. Evid. 803(6), or alternatively 807. VSecret's submission does not contradict that the amount of product diverted is significant, nor does it contradict the fact of diverted Sexy Hair products being distributed to the public through stores such as CVS and Target.

19. VSecret's response fails to raise a genuine issue of material fact subject to dispute. VSecret does not dispute Sexy Hair's evidence. Instead, VSecret attempts to introduce evidence of non-trademark use, an issue that is not before this Court. Sexy Hair has not claimed that the term "sexy" cannot be used in its ordinary English sense and non-trademark use does not preclude trademark rights.

20. VSecret's response fails to raise a genuine issue of material fact subject to dispute. Sexy Hair's registrations are of record.

21. Sexy Hair's contention is supported by the fact that Trademark Reg. No. 2,403,496, issued for SEXY HAIR, and its Section 8 and 15 affidavits have been accepted and acknowledged. (Ex. C to Metzger Supp. Decl.). VSecret provides no evidence to the contrary and does not raise a genuine issue of material fact subject to dispute. Sexy Hair's registrations are material to establishing its family of marks.

22. VSecret's response fails to raise a genuine issue of material fact subject to dispute. Rather, VSecret attempts to manufacture factual issues where there are none.

23. Sexy Hair's contention is supported by the Testimony Deposition of Mark Stiller. (Stiller Test. Dep. 47-49, Stiller Testimony Dep. Ex. 14-15). VSecret's response fails to raise a genuine issue of material fact subject to dispute. Rather, VSecret engages in improper legal argument and citation in an effort to speak to a fact not at issue before this court – the use of "sexy" in its ordinary English sense by the general public. Further, VSecret's submission is cumulative to the "use" evidence that was reviewed and considered by the Board in this instant matter. (Compl., Ex. A at 12-14, 22-23, 26).

24. Sexy Hair's contention is conceded.

25. Sexy Hair's contention is conceded.

26. Sexy Hair's contention is supported by Ex 9 to its Rule 56.1 statement. (Sexy Hair NOR filed, 09/15/04, Applicant's Responses to Opposer's Requests for Admissions, attached as Ex. 9 to Sexy Hair's 56.1 statement). VSecret fails to raise a genuine issue of material fact subject to dispute. VSecret continues to improperly use this forum for legal argument and citation. VSecret raises an issue not before this court – whether VSecret is

permitted to use "so sexy" to refer to hair or hair care products. The issue before this court is solely whether VSecret may register SO SEXY for certain hair care products, without limitation or disclaimer, claiming the exclusive right to use the term as trademark for the identified hair care products. Finally, VSecret attempts to manufacture an issue of material fact, namely incidents of actual confusion, that do not directly respond to Sexy Hair's contention.

27. Sexy Hair's contention is conceded.

28. Sexy Hair's contention is conceded.

29. Sexy Hair's contention is conceded.

30. VSecret's response does not dispute Sexy Hair's contention and does not raise a genuine issue of material fact subject to dispute. VSecret's response continues with improper and immaterial legal argument.

31. VSecret's response does not raise a genuine issue of material fact subject to dispute. VSecret's additional submission is insufficient to show any significant advertising. A single press release receiving limited and one-time coverage is *de minimis* in the context of the market for hair care products.

32. VSecret's response does not raise a genuine issue of material fact subject to dispute. Even conceding the release of hair pomade, VSecret's response fails to demonstrate an intention to use the remaining products listed.

33. VSecret's response fails to raise a genuine issue of material fact subject to dispute. VSecret's registration demonstrates its own use of SEXY paired with a descriptive modifier. The disclaimer of the exclusive right to use such a descriptive words shows VSecret's reliance in its own registrations on a single inherently distinctive term: SEXY. VSecret argues heavily to the contrary in its memorandum in response to Sexy Hair's motion for summary

judgment. The registrations, in a similar vein to the instant opposed application, constitute VSecret's admission of the non-descriptive, distinctive nature of the word "sexy" as the dominant component of trademarks.

34. Sexy Hair's contention is supported by evidence included in its original 56.1 Statement. (Stiller Test. Dep. Exs. 5-9). VSecret further references such evidence in its response. (Colucci Decl. Exs. 15, 19). VSecret also continues its improper practice of arguing law in this forum. Further, VSecret, misstates the law it does cite by failing to fully explain the nature of composite marks.

35. VSecret's response fails to raise a genuine issue of material fact subject to dispute. VSecret's application file for the SO SEXY mark at issue is automatically part of the record. 37 C.F.R. § 2.122(b)(1). Further, VSecret raises another non-issue, as Sexy Hair has never claimed that VSecret must disclaim the exclusive right to use the term SEXY apart from the mark as it is shown.

36. VSecret's response fails to raise a genuine issue of material fact subject to dispute. VSecret provides no evidence contrary to the undisputed facts cited to by Sexy Hair. VSecret misstates facts by claiming its product is sold in packaging bearing the SO SEXY without the word "hair." (VSecret's NOR 02/10/05 - Ex. HH, photo of Victoria's Secret Hair Care Product - bears the wording: "everyday, sexy hair, so shiny, so touchable, SO SEXY", attached hereto as Ex. 16).

37. VSecret's response fails to raise a genuine issue of material fact subject to dispute. VSecret does not dispute the target market for its products. Nevertheless, VSecret's application does not place any limitation on classes of purchasers or trade channels.

## RESPONSES TO VSECRET'S STATEMENT OF
## ADDITIONAL MATERIAL FACT IN DISPUTE

38. Sexy Hair disputes the facts alleged in ¶ 38. The report on which VSecret bases this claim is fatally flawed. Finegan's opinion is not substitute for the Board's opinion. Finegan fails to define a use of the term "sexy" in any way that is definite, conveys specific information that would be generally understood or is otherwise descriptive of any specific trait or characteristic of hair or hair care products. Further, even allegedly "weak" marks are entitled to protection.

39. Sexy Hair disputes the facts alleged in ¶ 39. VSecret bases its claim on fatally flawed and inadmissible survey report, the fatal flaws of which are addressed by Sexy Hair's Motions *in Limine*.

40. Sexy Hair disputes the facts alleged in ¶ 40. VSecret relies upon the opinion of a singe salon owner who is unqualified to opine on the legal definition of "sexy". Further, Labrecque's report fails to identify any commonly understood definition for hair or hair care the relevant consumer public would understand. His report is incompetent and immaterial.

41. Sexy Hair disputes the facts alleged in ¶ 41. VSecret relies on a fatally flawed expert report that confuses legal standards for trademarks. Finegan's report, as outlined in Sexy Hair's Motion *in Limine*, should be stricken. Alternatively, his report should be given no weight as his opinion is of no value and creates no genuine issue of material fact.

42. Sexy Hair disputes the facts alleged in ¶ 42 for the reasons outlined in its response to ¶ 41. Finegan's report is immaterial to any matter at issue and of no value, such that it creates no genuine issue of material fact.

43. Sexy Hair disputes the facts alleged in ¶ 43 for the reasons outlined in its response to ¶ 41. Finegan's report is immaterial to any matter at issue and of no value, such that it creates no genuine issue of material fact.

44. Sexy Hair disputes the facts alleged in ¶ 44. VSecret relies upon a flawed expert report that does not address any issues related to families of marks. Ford's reports and surveys should be stricken as outlined in Sexy Hair's Motion *in Limine*. Alternatively, Ford's report is of such little probative weight in light of its many significant flaws that it creates no genuine issue of material fact.

45. Sexy Hair disputes the facts alleged in ¶ 45. VSecret relies on a flawed report that never addresses a family of marks and is therefore is unsupportive of the alleged fact. Further, the report is so flawed, as detailed in Sexy Hair's Motion *in Limine* that is should be excluded or alternatively given no weight, such that would create a genuine issue of material fact.

46. Sexy Hair disputes the facts alleged in ¶ 46. First, this is a material fact not in dispute because there is no dispute that Sexy Hair holds an incontestable registration for SEXY HAIR. Further, and for the reasons detailed in ¶ 45, the Mazis report should be stricken or granted no weight. Finally, VSecret fails to acknowledge the substantial undisputed evidence provided to this in ¶¶ 11-23, and attached exhibits to Sexy Hair's Rule 56.1 Statement and Reply Statement.

47. Sexy Hair disputes the facts alleged in ¶ 47. VSecret's claim is immaterial and wrong. Sexy Hair, as the owner of an undisputed incontestable registration for SEXY HAIR need not establish secondary meaning. Further, Ford's surveys and reports are fatally flawed for the reasons outlined in Sexy Hair's Motion in Limine and should be stricken or granted no

weight. Finally, VSecret fails to acknowledge the substantial undisputed evidence provided to this in ¶¶ 11-23, and attached exhibits to Sexy Hair's Rule 56.1 Statement and Reply Statement.

48.  Sexy Hair disputes the facts alleged in ¶ 48. VSecret cannot provide any evidence to establish a genuine issue of material fact that is contrary to the significant and undisputed evidence provided by Sexy Hair in ¶¶ 5, 12-19. Further, VS relies upon fatally flawed surveys and reports that should be stricken at outlined in ¶ 47.

49  Sexy Hair disputes the facts alleged in ¶ 49. VSecret's claim is wholly immaterial. The only mark at issue before this court is issue is SO SEXY and nothing else. Sexy Hair also continues its objection to VSecret's use of legal argument and case citation in this forum and maintains that all references should be stricken.

50.  Sexy Hair disputes the facts alleged in ¶ 50 for the reasons outlined in its response to ¶ 41. Finegan's report is immaterial to any matter at issue and of no value, such that it creates no genuine issue of material fact. Further, the Board's finding supported by substantial undisputed evidence.

51.  Sexy Hair disputes the facts alleged in ¶ 51. VSecret relies on fatally flawed reports and surveys that fail to address likelihood of confusion in any way that is admissible or meaningful; and fail to establish any genuine issue of material fact subject to dispute. For the reasons detailed in Sexy Hair's Motions in Limine, Ford's reports should be stricken or alternatively granted no weight.

52.  Sexy Hair disputes the facts alleged in ¶ 52. VSecret misstates the Board's finding. (Compl., Ex. A at 23-24).

53.  Sexy Hair disputes the facts alleged in ¶ 53. The entirety of this claim is based upon improper legal argument and case citation and should be stricken.

54. Sexy Hair disputes the facts alleged in ¶ 54. VSecret claims no limits to trade channels or classes of purchasers. However, VSecret's actual use has been limited and does not extend to the reach of its claim to exclusive rights, and so the absence of actual confusion is of minimal weight. See ¶¶ 26-32. Further, VSecret improperly relies on legal argument and case citation and such reliance should be stricken.

55. Sexy Hair submits that ¶ 55 is immaterial to any issue before this Court.

56. Sexy Hair submits that ¶ 56 is immaterial to any issue before this Court. Sexy Hair is under no obligation to sue rather than proceed before the Board. Further, absence of confusion is not significant in light of circumstances detailed in ¶¶ 51, 54.

Respectfully submitted,

*Roberta Jacobs-Meadway*
Roberta Jacobs-Meadway (RJ-M 5870)
Eckert Seamans Cherin & Mellott, LLC
Two Liberty Center
50 South 16th Street, 22nd Floor
Philadelphia, PA 19102
(215) 851-8400
rjacobsmeadway@eckertseamans.com

Co-counsel for Sexy Hair Concepts, LLC
Our File: 297797-00081

Cc: **Furgang & Adwar, LLP**
Philip Furgang (PF 5654)
1325 Avenue of the Americas
28th Floor
New York, NY 10019
(212) 725-1818

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

Victoria's Secret Brand Management, Inc.        :
                                                :
        Plaintiff/Appellant,                    :
                                                :
                                                :  Case No.: 07-cv-5804 (GEL)
                                                :
    v.                                          :
                                                :
Sexy Hair Concepts, LLC                         :
                                                :
        Defendant/Appellee.                     :
                                                :
                                                :

## CERTIFICATE OF SERVICE

I hereby certify that on the date shown below, copies of the documents listed below were served upon Frank J. Colucci, Esquire of COLUCCI & UMANS, 218 East 50th Street, New York, NY 10022, counsel for Plaintiff/Appellant, by Federal Express next day delivery:

- Reply Brief in Response to Plaintiff/Appellant's Opposition to Defendant/Appellee's Motion for Summary Judgment
- Reply and Response to Plaintiff/Appellant's Response and Additional Rule 56.1 Statement of Facts
- Reply Brief in Response to Opposition to Motion in Limine of Defendant/Appellee Sexy Hair Concepts to Preclude the Testimony of Edward Finegan, Ph.D.
- Reply Brief in Response to Opposition to Motion in Limine of Defendant/Appellee Sexy Hair Concepts to Preclude the Testimony of Paul Labrecque
- Reply Brief in Response to Opposition to Motion in Limine of Defendant/Appellee Sexy Hair Concepts to Preclude the Testimony of Dr. Gerald L. Ford
- Reply Brief in Response to Opposition to Motion in Limine of Defendant/Appellee Sexy Hair Concepts to Preclude the Testimony of Dr. Michael B. Mazis

{M0652330.1}

- Response to Plainitff/Appellant's Motion and Memorandum to Strike the Declaration of John F. Metzger
- Supplemental Declaration of John F. Metzger in Support of Motion for Summary Judgment

June 6, 2008
Date

[signature: John F. Metzger]

{M0652330.1}