UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| VICTORIA'S SECRET STORES BRAND MANAGEMENT, INC., <br><br> Plaintiff, <br><br> v. <br><br> SEXY HAIR CONCEPTS, LLC, <br><br> Defendant. | No. 07-cv-5804 (GEL) |

**REPLY BRIEF IN RESPONSE TO OPPOSITION TO THE MOTION IN LIMINE OF DEFENDANT SEXY HAIR CONCEPTS, LLC, TO PRECLUDE TESTIMONY OF PAUL LABRECQUE**

Plaintiff Victoria's Secret Stores Brand Management, Inc. ("VSecret")'s expert Paul Labrecque has submitted a second declaration[1] in response to the motion in limine filed by Sexy Hair Concepts, LLC ("SHC"). However, nothing in Labrecque's second declaration or in VSecret's opposition changes the fact that:

- Labrecque's opinion is not grounded in any reliable methodology or data so as to constitute admissible expert opinion testimony pursuant to Rule 702;

- Labrecque's opinion is based solely on his own personal limited experience as a salon owner and "president of a multimillion-dollar business" (Labrecque Op. Decl. ¶ at 3) who caters to a high-end clientele which is not typical of purchasers of hair care products;

- Labrecque is not an expert in trademarks; he is not an expert in market research; he is not an expert in the usage of the term "sexy" in the perceptions of purchasers of hair care products; in short, he is not an expert in anything that is of relevance and material to any issue before the Court; and

- despite the extremely narrow subject matter on which Labrecque is arguably competent to testify (i.e. his own subjective perception of the women who patronize *his* shop and his own subjective perception of how "sexy" is important in *his* business), his opinion offers absolutely nothing on how intended purchasers are likely to perceive the

---

[1] Labrecque's declaration is hereinafter referred to as "Labrecque Op. Decl." Plaintiff's response in opposition is hereinafter referred to as "Labrecque Op."

{M0638898.1}

mark VSecret seeks to register, SO SEXY, and whether the relevant public would be reasonably likely to consider SO SEXY hair care products to come from the same source or a source related to, or affiliated with, the source of SEXY HAIR products, and be a part of the family of marks that includes HEALTHY SEXY HAIR and BIG SEXY HAIR, granted the identity of the goods and the similarities between the marks viewed in their entireties.

In short, Labrecque's opinion amounts to nothing more than the ipse dixit of a self-proclaimed industry expert whose testimony is not that of an expert, but is only lay opinion and unreliable and serves no probative value whatsoever in aiding the Court in its determination of the limited issue presented in this appeal.

### A. Labrecque's Testimony is not Based on Sufficient Facts or Data or Reliable Principles or Methodology

Plaintiff's assertion that Labrecque employs "reliable principles and methods" (Labrecque Op., at 10) is simply false. There is absolutely no methodology to how Labrecque arrives at any of his conclusions. He does not provide any explanation that can be tested or be subjected to peer review as to how he reached his opinions, in accordance with the reliability factors articulated in *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993) and *Kuhmo Tire Co. v. Carmichael*, 526 U.S. 137 (1999). The foundation for Labrecque's testimony is essentially his own subjective perceptions formed from his own limited experiences gained from living and working in his own world. Federal courts routinely exclude "expert" opinion testimony that offers little more than personal assurances based on personal experiences. *See, e.g., Hathaway v. Bazany*, 507 F.3d 312, 318 (5th Cir. 2007) ("[W]ithout more than credentials and a subjective opinion, an expert's testimony that 'it is so' is not admissible."); *Rosen v. Ciba-Geigy Corp.*, 78 F.3d 316, 319 (7th Cir. 1996) ("An expert who supplies nothing but a bottom line supplies nothing of value to the judicial process."); *Talley v. Danek Med., Inc.*, 7 F. Supp. 2d 725, 732 (E.D. Va. 1998) (holding that the expert's opinion was insufficient where statements amount to subjective opinions); *Simmons v. Ford Motor Co.*, 132 Fed. Appx. 950, 952 (3d Cir.

2005) (affirming district court's finding that expert's conclusion was derived from subjective observations and conclusions). Labrecque's conclusion that "the word 'sexy' cannot be exclusive to any single purveyor of hair care products" (Labrecque Op., at 3), irrespective of the immateriality of that conclusion, is based on nothing more than subjective opinion and observation.

To the extent that Labrecque relies on non-trademark uses in trade publications and fashion magazines as a basis for his conclusions (*see id.*), his opinion is entirely rooted in hearsay. Moreover, there is no basis to conclude that the publications have anything to do with his alleged expertise. Labrecque does not purport to write for these magazines or control the content, and therefore possesses no more "knowledge" that that of the "average" reader of such publication.

SHC does not dispute the fact that Labrecque is a hairstylist who has been the subject of some attention in the media. However, nothing about Labrecque's so-called expertise qualifies him to opine on how purchasers generally perceive the word "sexy" when used with hair care products. Nothing about Labrecque's limited personal experience qualifies him to testify about anything other than his own personal opinion based on his own personal and limited experience as to matters at issue, the strength of the SEXY HAIR mark, VSecret's claim to the exclusive right to use and register SO SEXY as a trademark (not as a descriptive term anyone is free to use), and whether purchasers generally are likely to believe there is some affiliation between the source of SO SEXY hair shampoo and HEALTHY SEXY HAIR shampoo and BIG SEXY HAIR shampoo, sold through all channels of trade appropriate for the goods of that type to all of the usual customers for goods of that type. Indeed, Labrecque does not purport to have any expertise in trademarks or marketing; his utter lack of qualifications in these areas seriously

undermines any opinion he purports to offer on the "impact and significance of the word 'sexy' to consumers of hair care products." (Labrecque Op., at 8). *See, e.g., Smith v. Wal-Mart Stores, Inc.*, 537 F. Supp. 2d 1302, 1330 n.26 (N.D. Ga. 2008) (because nothing in testimony or credentials indicated expertise on consumer internet behavior, court disregarded testimony on this issue by expert).

Moreover, Labrecque's so-called qualifications are of little relevance when viewed in conjunction with the substance of his opinions. Labrecque opines about how the word "sexy" is an "integral part of *his* business." (Labrecque Op., at 10). He opines about how *his* stylists use the word "sexy" and how *his* clients "want" to look "sexy." (Exh. 1 to Labrecque Op. Decl., at 3). Those statements (albeit totally unsupported and completely subjective) are hardly probative on the perceptions of typical consumers of hair care products. By Labrecque's own admission, his clients are "prominent in business, politics, and the arts" (Labrecque Op. Decl. ¶ 3) – certainly not typical of purchasers of hair care products in any way, shape or form.[2] In fact, Labrecque's hair care collection, which, by his own admission, comprises "luxury" hair care products, are priced approximately three times more than SHC's and VSecret's products. *See* Supplemental Declaration of John F. Metzger, Exh. "A" hereto. Not only is reliance on his own subjective observation at arriving at his purported conclusions improper, it is simply irrelevant where here, the facts show that neither he nor his clients are representative of purchasers of hair care products.

Indeed, Labrecque cannot hide the fact that he is not representative or typical of anything but himself. His clients are not typical or representative of anything but themselves. As such, he is simply not qualified to opine as to what the relevant public is likely to believe when

---

[2] Plaintiff's threadbare statement that Labrecque's "prices are in line with those charged by many other hair salons in New York City" (Labrecque Op., at 7) is self-serving, completely unsubstantiated and deserving of no weight by the Court.

encountering the SO SEXY mark. *See Beacon Mutual Ins. Co. v. OneBeacon Ins. Group*, 376 F. Supp. 2d 251, 261 n. 4 (D.R.I. 2005) (excluding expert who concluded that defendant's own insurance agents were not confused between Beacon and OneBeacon). *Beacon* illustrates the point that an expert's opinion which is intended to draw a broad conclusion based on the perceptions of a very limited group of people lacks every indicia of reliability as to serve no probative value whatsoever and therefore should be excluded. Labrecque's opinion is based upon this very limited and wholly irrelevant group of people.

### B.     Labrecque's Testimony is Irrelevant

Labrecque's lack of any relevant qualifications leads to a misdirected and misguided opinion. This case is not about whether VSecret can use the term "sexy" in the context of an advertising message, but rather it is about whether VSecret can register SO SEXY as a mark for hair care preparations, claiming the exclusive right to use that mark in all trade channels, whether or not SO SEXY appears with any other mark or name or package, and in any style or font or color.

As set forth in SHC's motion in limine, there is no claim that VSecret could not use the word "sexy" in some appropriate non-trademark ordinary English sense of the word. (SHC's Motion in Limine, at 10). The issue does not involve VSecret's non-trademark use of the word "sexy." Rather, the issue turns on VSecret's attempt to register SO SEXY as a trademark and claim the exclusive right to use the term for hair care products on an unrestricted basis and without regard to any other distinguishing marks or features. Labrecque's opinion is immaterial, unreliable and adds nothing of value to aid the Court in its determination of the issue of likelihood of confusion as to source, affiliation or sponsorship.

### C.  Labrecque's Testimony Fails to Raise any Genuine Issue of Fact

VSecret's attempt to bolster its opposition to SHC's motion for summary judgment with Labrecque's declaration is futile. First, there is no dispute that, as the Board found, there is non-trademark use of the term "sexy" in the media in relation to hair care products inter alia. Second, there is no dispute that this action does not involve the right of VSecret to make non-trademark use of the term in the context of its advertising. VSecret cannot defeat summary judgment by raising issues of fact with respect to immaterial considerations that *might* apply had VSecret filed some other application or was claiming the right to a declaratory judgment of non-infringement for some alleged fair use of "sexy" not as a mark but in its ordinary English sense. 15 U.S.C.S. § 1115(b). Labrecque's submission is incompetent to raise a genuine issue as to any material fact for all of the reasons stated in SHC's opening brief and reply brief.

### CONCLUSION

For all of these reasons, and for the reasons stated in SHC's motion in limine, this Court should grant SHC's motion and preclude Mr. Labrecque's report and his testimony at trial.

> Respectfully submitted,
>
> ECKERT SEAMANS CHERIN & MELLOTT, LLC

Date: June 6, 2008

*/s/ Roberta Jacobs-Meadway*
Roberta Jacobs-Meadway (RJ-M 5870)
Eckert Seamans Cherin & Mellott, LLC
Two Liberty Place
50 South 16th Street, 22nd Floor
Philadelphia, PA 19102
(215) 851-8400
rjacobsmeadway@eckertseamans.com
Co-Counsel for Sexy Hair Concepts, LLC
Our File: 297797-00081

cc:  Philip Furgang, Esq.
     FURGANG & ADWAR, LLP

1325 Avenue of the Americas
28th Floor
New York, NY 10019
Phone: (212) 725-181